WILCOX *v.* EDWARDS.

To a plea of the statute of limitations in slander, the plaintiff replied that the suit was commenced within one year next after the speaking of the words. Issue on the replication. *Held*, that this issue was not immaterial.
Words charging a person with having been guilty of a malicious trespass are actionable.

ERROR to the *Hendricks* Circuit Court.

BLACKFORD, J.—This was an action of slander brought by *Edwards* against *Wilcox.* The following words were laid in the declaration and were proved: "*Edwards* (meaning the plaintiff) killed *Kelly's* hogs, and he (meaning *Kelly*) ought to get out a warrant and have him (meaning the plaintiff) bound over to Court or sent to jail." Pleas, the general issue and the statute of limitations. Replication to the special plea, that the suit was commenced within one year next after the speaking of the words as alleged. Issue on the replication. The Court left it to the jury to determine, whether the plaintiff had proved "the speaking of the words, with the innuendoes, within one year next before the commencement of the suit;" and the jury were instructed, that, if they found the words to have been so spoken, to assess the plaintiff's damages. Verdict and judgment for the plaintiff.

The plaintiff in error relies on two grounds. 1. That the issue on the replication is immaterial. 2. That the words are not actionable.

There is nothing in the first objection. The replication is informal, but the defendant made no objection to it. The question was substantially raised by the pleadings, whether the words had been spoken within the prescribed time; and the *onus probandi* was on the plaintiff. The case was correctly presented by the Court to the consideration of the jury, and they have determined it against the defendant. We shall not disturb their verdict.

The second objection is also untenable. The words amount to a charge, that the plaintiff had been guilty of malicious trespass. That is an indictable offence; and the punishment for it is a fine "in any sum not exceeding two fold the value of the property destroyed or of the damage done, *and* imprisonment for any term of time not exceeding twelve months." R. C. 1831, p. 187. R. S. 1838, p. 213. As corporal punishment is the consequence of a conviction of the offence charged, the words are actionable. 2 Leigh's N. P. 1350.— *Onslow* v. *Horne*, 3 Wils. 177.— Starkie on Slander, 41. Besides, the offence in question belongs to that class of offences which attach infamy to the person who commits any of them.

*Per Curiam.*—The judgment is affirmed, with 6 *per cent.* damages and costs.

*C. Fletcher*, *O. Butler*, and *C. C. Nave*, for the plaintiff.
*H. Brown* and *W. Quarles*, for the defendant.