ALMON WING *vs.* DANIEL WING.

Penobscot, 1875.—April 11, 1876.

*Slander.*

The words, "A. B. stole windows from C. D.'s house," are not, of themselves, in their ordinary and popular sense, actionable, as imputing either a charge of larceny or an act of malicious mischief upon real estate.

ON EXCEPTIONS.

CASE FOR SLANDER.    The declaration alleges in the usual form that the defendant uttered and published the following false, scandalous and malicious words of and concerning the plaintiff, to wit: "Almon Wing stole windows from Benjamin Jordan's house," by means of which false and scandalous words, the plaintiff has been exposed to a prosecution for stealing, and has suffered great anxiety of mind.    The defendant demurred generally to the declaration.    The presiding justice, the demurrer being joined, sustained it; and the plaintiff excepted.

*I. W. Davis,* for the plaintiff.

*L. Barker & L. A. Barker,* for the defendant.

PETERS, J.    The words alleged to be actionable are: "Almon Wing stole windows from Benjamin Jordan's house."    There being no special averments, it is to be presumed that the words were used in their ordinary and popular sense.    The plaintiff impliedly so avers, there being no express averment to the contrary. That is one rule of construction.    Another rule is, that all the words spoken, so far as necessary to ascertain the meaning of the

person who utters them, must be considered together. The sense of actionable words may be so far qualified by subsequent words spoken in the same connection, that the words taken together are not actionable. Therefore, if a person is charged with stealing, under such circumstances as show that a felony was not capable of being committed, the words are not to be regarded as actionable. Among the illustrations of this rule, is the familiar one found in the books, and stated in Bac. Abr., (Title Slander) in this way : "If J. S. say to J. N., 'thou art a thief, and hast stolen my trees,' no action lies ; it appearing from the latter words, that the whole words only import a charge of a trespass." *Allen* v. *Hillman*, 12 Pick. 101. *Dunnell* v. *Fiske*, 11 Metc. 551. *Edgerly* v. *Swain*, 32 N. H. 478. See also· numerous cases cited in note to the case of *Booker* v. *Coffin*, 1 Amer. Lead. Cases, 76.

Tested by these rules, our opinion is, that the words uttered by the defendant do not impute the crime of larceny, but amount to an accusation of only a trespass upon real estate. The meaning conveyed by the words is at least doubtful. They may be susceptible of different constructions, perhaps. But words cannot be regarded, upon demurrer to the declaration, as actionable, unless they can be interpreted as such, with at least a reasonable certainty. In case of uncertainty as to the meaning of expressions of which a plaintiff complains, the rule requires him to make the meaning certain by means of proper colloquium and averment. It is always within his power to do so. *Robinson* v. *Keyser*, 22 N. H. 323. *Emery* v. *Prescott*, 54 Maine, 389.

"Windows" are, strictly, a part of a house ; and ordinarily affixed permanently thereto. If the defendant had intended to charge a theft of windows which were not a part of a house, the form of expression would more naturally have been, that the plaintiff "stole Benjamin Jordan's windows ;" or, "windows from Benjamin Jordan." The fact that they were stolen at his house would seem to be rather an immaterial fact, to be so emphatically stated. If any other word implying violence or force is substituted for the word "stole," the words complained of could not be tortured into an interpretation such as the plaintiff con-

tends should be ascribed to them. *Haynes* v. *Haynes*, 29 Maine, 247.

But the plaintiff maintains that, if the words do not impute the crime of larceny, they do impute at least the charge of a criminal act of trespass upon real estate, such as is described in the malicious mischief act, found in R. S.,.c. 127, § 15 ; and that, in that view, the words are actionable. Whether it would be actionable in this state, to accuse a person of malicious trespass, we do not now decide. That might raise the question as to what offenses involve moral turpitude, social ostracism and disgrace. Upon that point the authorities disagree. There is a wilderness of cases upon the subject through which no beaten or well defined track can be traced. In Indiana, such a charge is actionable. *Wilcox* v. *Edwards*, 5 Blackf. 183. In Pennsylvania, under a similar statute, it is not actionable. *Stitzell* v. *Reynolds*, 67 Penn. St. 54. (See in this connection, the contradictory cases of *Buck* v. *Hersey*, 31 Maine, 558, and *Brown* v. *Nickerson*, 5 Gray, 1.) As to what words are actionable and what are not actionable, no marked rule has as yet been laid down, perhaps, in this state ; and we do not feel called upon to pursue the discussion in the present case, because the words used here are not, in our judgment, appropriate, in their natural and popular sense, to convey the idea, that the plaintiff has "maliciously and willfully" injured any body's real estate. It is difficult for us, who know nothing of the subject matter more than is indicated by the words themselves, to understand what they do mean. It would rather seem that they were used in an exaggerated and rhetorical sense than in any other way, to express a forcible act done under some controverted claim of possession or ownership in the property alluded to. To constitute a "malicious and willful" injury to a building, it is not enough that the injury was willful and intentional ; but, in order to create the criminal offense, it must have been done out of cruelty, hostility or revenge. 4 Bl. Com. 244. *Commonwealth* v. *Walden*, 3 Cush. 558. *Commonwealth* v. *Williams*, 110 Mass. 401. *State* v. *Hussey*, 60 Maine, 410. Here nothing more is clearly implied than that a forcible trespass was committed. The word "stole" would rather imply that the windows

were carried away for purposes of value and gain, and not that they were severed from the house, in order revengefully to inflict an injury upon the owner. *Commonwealth* v. *Gibney*, 2 Allen, 150. *Exceptions overruled.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.