86 A.2d 164 (1952)
MULLEN
v.
LEWISTON EVENING JOURNAL.
Supreme Judicial Court of Maine.
February 6, 1952.
*165 Jerome G. Daviau, Waterville, for plaintiff.
Clifford & Clifford, Lewiston, for defendant.
Before MURCHIE, C. J., and THAXTER, FELLOWS, MERRILL, NULTY and WILLIAMSON, JJ.
PER CURIAM.
The decision of this Court in Brown v. Guy Gannett Publishing Co., 147 Me. 3, 82 A.2d 797, is entirely controlling of the instant case. Decision there was that a defendant, demurring to a declaration alleging that published statements were false and were published with intent to injure the plaintiff, admitted the truth of such allegations. The issue in that case was raised by defendant's exceptions to the overruling of a demurrer. We are now called upon to consider a ruling sustaining one, challenged by plaintiff's exceptions. The issue is identical, although raised in different manner.
The asserted ground for the ruling is that, in libel, "words cannot be regarded, upon demurrer to the declaration, as actionable, unless they can be interpreted as such, with * * * reasonable certainty." Reliance is placed on the decision in Wing v. Wing, 66 Me. 62, 22 Am.Rep. 548. The alleged libel in that case was that the plaintiff "stole" windows from a house, and it was said that the word relied on, as used, could not be said to impute the crime of larceny. It was said, also, that where there was uncertainty as to the meaning of expressions, one resorting to an action of libel because of their use is required to make the intended meaning clear by "proper colloquium and averment".
The article now alleged to be libelous, published in a daily newspaper by the defendant, under a Waterville date line and the caption "Case Against Hallowell Man Charged with Fraud Continued", recites, in a first paragraph, that the plaintiff had entered a plea of not guilty in the Waterville Municipal Court, in a "case" charging him with "cheating by false pretenses as the operator of a widespread `stamp plan' of retail sales promotion", which case had been continued "to tomorrow". Seven additional short paragraphs recited his arrest, named an individual as the complainant against him, and a community bureau as the "signer" of his warrant, and recorded certain details of his "stamp plan", purporting to quote the official conducting his prosecution, in most instances.
The declaration alleges that the plaintiff had spent much time and money in developing his plan, on which he was dependent for his livelihood; that the publication of the article was made by the defendant "in reckless disregard" of the truth or falsity of the statements carried in it, "with complete lack of good faith" and "with intent to injure the plaintiff's character and reputation"; and that the injury intended had been accomplished.
Reference to the declaration discloses no allegation that the statements of the first paragraph of the published article were false, but the defendant has not plead the truth thereof, or of its supplemental statements. Its demurrer admits the falsity of many of the latter. What is more vital, perhaps, it has admitted the allegations of lack of good faith and malicious intent. Despite such admissions, it is urged in argument on its behalf that as a newspaper publisher, defendant was entitled to the privilege of publishing news concerning all prosecutions for alleged criminal offenses.
It is possible, if not probable, assuming the truth of the factual statements of the first paragraph of the alleged libel, and that all the statements in it were published in good faith, and without malice, that the plaintiff would have no remedy therefor, assuming him to be entirely free from guilt. Such, however, is not the case presented by declaration and demurrer.
Newspapers are not entitled, in commenting upon court proceedings, to publish false statements with complete lack of good faith, and with motives of personal malice, and on the record, the principle declared in Brown v. Guy Gannett Publishing *166 Co., supra, requires that plaintiff's exceptions be sustained and defendant's demurrer overruled.
In the Trial Court the prayer of the defendant that it have leave to answer over if its demurrer was overruled was granted. The present decision carries no implication that the published article is not entitled to full protection, within the privilege recognized for a newspaper publisher on an issue properly framed. That issue can not be resolved until and unless it is raised by appropriate pleadings.
Exceptions sustained.