STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-227

JESSIE LACEY,

    Plaintiff

v.

ORDER ON MOTION TO DISMISS

MAINE MEDIA COLLECTIVE,
LLC, and KEVIN THOMAS,

REC'D CUMB CLERKS OFC
MAR 14 '19 AM 8:50

    Defendants

Before the court is defendants Maine Media Collective, LLC, and Kevin Thomas's motion to dismiss count IV of plaintiff's complaint. M.R. Civ. P. 12(b)(6). For the following reasons, defendants' motion to dismiss is denied.

Background

On January 30, 2019, the court issued an order in which it deferred ruling on defendants' motion to dismiss count IV of plaintiff's complaint. Plaintiff stated in her memorandum she would seek leave to amend her complaint. The court afforded plaintiff twenty days to amend her complaint. (Order January 30, 2019.) Plaintiff did not file an amended complaint within twenty days of the January 30, 2019 order.

Standard

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court "examine[s] the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." In re Wage Payment Litig. v. Wal-Mart Stores, Inc., 2000 ME 162, ¶ 3, 759 A.2d 217. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief

1

under any set of facts that he might prove in support of his claim." Johanson v. Dunnington, 2001 ME 169, ¶ 5, 785 A.2d 1244.

Count IV:  Declaratory Judgment

Plaintiff seeks a declaratory judgment that the non-disparagement clause contained in her termination letter she signed is void because: (1) it is against public policy, (2) it is vague and overly broad, and (3) it violates section 7 of the National Labor Relations Act.  (Compl. ¶¶ 114–16.) Plaintiff alleges her rights are affected and she is entitled to the court's determination of whether the clause is enforceable.  (Compl. ¶¶ 117-118.)  Defendants argue that there is no justiciable controversy because they do not intend to enforce the non-disparagement clause in the contract signed by plaintiff.  (Defs.' Mot. Dismiss 17-18.)

Defendants' argument relies on facts not contained in the complaint. See In re Wage Payment Litig., 2000 ME 162, ¶ 3, 759 A.2d 217.  Further, "[r]elief by way of declaratory judgment is appropriate where the basic issue underlying the claim of the plaintiffs is the interpretation or enforceability of a contract." Indian Twp. Passamaquoddy Reservation Hous. Auth. v. Governor of State, 495 A.2d 1189, 1191 n.2 (Me. 1985); see Randlett v. Randlett, 401 A.2d 1008, 1011 (Me. 1979).

The entry is

> Defendants' Motion to Dismiss Count IV of Plaintiff's Complaint is DENIED.

Date:  March 13, 2019

Nancy Mills
Justice, Superior Court

2

JESSIE LACEY,

Plaintiff

v.

ORDER ON MOTION TO DISMISS

MAINE MEDIA COLLECTIVE, LLC,
and KEVIN THOMAS,

REC'D CUMB CLERKS OF(
JAN 30 '19 AM 9:49

Defendants

Before the court is defendants Maine Media Collective, LLC, and Kevin Thomas's motion to dismiss pursuant to M.R. Civ. P. 12(b)(6). For the following reasons, defendants' motion to dismiss is DENIED in part and GRANTED in part.

Background

Plaintiff Jessie Lacey is a resident of Portland. (Compl. ¶ 2.) Defendant Kevin Thomas is a resident of Yarmouth and was the owner and CEO of defendant Maine Media Collective, LLC (MMC), a Maine corporation with its principal place of business in Portland. (Compl. ¶¶ 3, 4, 7.) Plaintiff worked for defendants from 2006 to November 2010. (Compl. ¶ 10); (Defs.' Ex. C.)

On April 26, 2018, plaintiff published a blog post detailing her experience as an employee of MMC and described incidents of sexual harassment, abuse, retaliation, and bullying. (Compl. ¶ 50); (Defs.' Ex. A.) In response to this blog post and a story published in the Bollard detailing similar incidents, (Defs.' Ex. B), both defendant Thomas and defendant MMC made statements relating to the accusations levied against them. (Compl. ¶¶ 51, 55-67, 72, 74-80.) Plaintiff alleges that many of these statements were defamatory and were intended to cause her emotional distress. (See Compl. ¶¶ 84-99.)

1

Standard

When reviewing a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), the court "examine[s] the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." In re Wage Payment Litig. v. Wal-Mart Stores, Inc., 2000 ME 162, ¶ 3, 759 A.2d 217. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." Johanson v. Dunnington, 2001 ME 169, ¶ 5, 785 A.2d 1244.

Generally, the court considers only the allegations in the complaint, which are accepted as true. Nadeau v. Frydrych, 2014 ME 154, ¶ 8, 108 A.3d 1254; Moody v. State Liquor & lottery Comm'n, 2004 ME 20, ¶ 8, 843 A.2d 43. A court may, however, consider official public documents, documents that are central to a plaintiff's claim, and documents referred to in the complaint without converting a motion to dismiss into a motion for summary judgment. Moody, 2004 ME 20, ¶ 11, 843 A.2d 43; see also M.R. Civ. P. 12(b). Defendants attached three exhibits to their motion to dismiss pursuant to Moody. The court has considered the exhibits, which include plaintiff's blog article about defendants, a Bollard article about the defendants, and plaintiff's termination letter from MMC, because all three are "documents referred to in the complaint." 2004 ME 20, ¶ 8, 843 A.2d 43.

The court notes that the defamation cases on which defendants rely for the motion to dismiss involved motions for summary judgment, judgments after trial, or case law from other jurisdictions. See McKee v. Cosby, 874 F.3d 54, 59-60 (1st Cir. 2017) (Michigan law); Pan Am Sys. v. Atl. Ne. Rails & Ports, Inc., 804 F.3d 59, 62 (1st Cir. 2015) (summary judgment); Gray v. St. Martin's Press, Inc., 221 F.3d 243, 247 (1st Cir. 2000) (summary judgment and judgment after

2

trial); Flotech, Inc. v. E. I. Du Pont de Nemours & Co., 814 F.2d 775, 776-77 (1st Cir. 1987) (summary judgment; Massachusetts law); Green v. Cosby, 138 F. Supp. 3d 114, 124 (D. Mass. 2015) (California and Florida law); Schatz v. Republican State Leadership Comm., 777 F. Supp. 2d 181, 189 (D. Me. 2011) (federal court procedure); McNamee v. Clemens, 762 F. Supp. 2d 584, 599-600 (E.D.N.Y. 2011) (New York law); Stark v. Zeta Phi Beta Sorority, Inc., 587 F. Supp. 2d 170, 174 (D.D.C. 2008) (summary judgment); Levesque v. Doocy, 557 F. Supp. 2d 157, 159 (D. Me. 2008) (summary judgment); Norris v. Bangor Publ'g. Co., 53 F. Supp. 2d 495, 498 (D. Me. 1999) (summary judgment); Novecon, Ltd. v. Bulgarian-American Enter. Fund, 977 F. Supp. 45, 46 (D.D.C. 1997) (summary judgment); Ballard v. Wagner, 2005 ME 86, ¶ 9, 877 A.2d 1083 (judgment after trial); Rice v. Alley, 2002 ME 43, ¶ 1, 791 A.2d 932 (judgment after trial); Rippett v. Bemis, 672 A.2d 82, 84 (Me. 1996) (summary judgment); Lester v. Powers, 596 A.2d 65, 66 (Me. 1991) (summary judgment); Bakal v. Weare, 583 A.2d 1028, 1029 (Me. 1990) (summary judgment); Picard v. Brennan, 307 A.2d 833, 833 (Me. 1973) (judgment after trial); Brown v. Guy Gannett Pub. Co., 147 Me. 3, 5, 82 A.2d 797, 798 (1951) (motion to dismiss; defendant admitted falsity and intent to injure plaintiff). The standard of review for a motion to dismiss differs from that for a motion for summary judgment or a judgment after trial. M.R. Civ. P. 12(b)(6); 56(c); Ballard, 2005 ME 86, ¶ 11, 877 A.2d 1083 ("[A] determination by the fact-finder of whether the alleged defamatory statement is fact or opinion is subject to review for clear error."). Further, no analysis has been presented with regard to whether Maine law and the law from other jurisdictions are similar.

Count I: Defamation

For her defamation claim, plaintiff must allege:

> (a) a false and defamatory statement concerning another;
> (b) an unprivileged publication to a third party;

3

(c) fault amounting to at least to negligence on the part of the publisher; and
(d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

Morgan v. Kooistra, 2008 ME 26, ¶ 26, 941 A.2d 447. Plaintiff alleges the following instances constituted defamation by defendant Thomas:

1. after the April 26 blog post, he told MMC employees that plaintiff's blog was "all lies," (Compl. ¶ 56);

2. after the April 26 blog post, he called various advertisers and business associates claiming that the plaintiff was a liar, had consented to the sexual contact, and was overreacting, (Compl. ¶¶ 57, 77);

3. after the blogpost, he implied to an MMC employee that Lacey's allegations were not true and that the sexual contact between them was consensual, (Compl. ¶ 61);

4. he issued a statement to the Portland Press Herald that the allegations in plaintiff's blog were "not true," that the sexual contact was consensual because "eight years ago, I asked Jessie's permission to kiss her, twice. And twice, she said yes," and that he could not defend against the allegations because it was "a personnel issue," (Compl. ¶¶ 62-64); and

5. on May 1, 2018, he apologized for "the lines that were crossed" and that his behavior was the result of his "fervor to create something special" that made him "blinded to the difficulties that my colleagues had to face in the day-to-day work environment," (Compl. ¶¶ 74-75.)

Plaintiff alleges the following instances constituted defamation by defendant MMC:

1. Andrea King, the CEO of MMC, posted a message that stated MMC had experienced a "realignment" of its "culture, policies, and practices" to create a workspace that was

4

"safe, respectful, and welcoming and that provides an equal opportunity free from discrimination or harassment in any form," (Compl. ¶ 58);

2. CEO King told the Portland Press Herald that defendant Thomas did not have an "official title" with MMC and was "transitioning away from the company," (Compl. ¶ 59);

3. CEO King stated that MMC was "stunned" by the allegations about MMC, (Compl. ¶ 67);

4. CEO King stated that plaintiff's blog referred to "former management eight years ago" and that "such conditions are neither present not tolerated at MMC today," (Compl. ¶ 72);

5. Dr. Lisa Belisle, MMC editor-in-chief, wrote an email to an MMC advertiser Adam Burk stating "I'm honestly appalled that you would believe all of the anonymous and uncorroborated accusations," and "I believed that you were capable of understanding that not everything presented in the media can be taken at face value," (Compl. ¶¶ 78-79.)

A. Defamatory Statements Must Concern Plaintiff

The court agrees with defendants that the statements made by CEO King that concern MMC's current work culture and status are not defamatory with regard to plaintiff because they do not concern plaintiff. See Gaudette v. Davis, 2017 ME 86, ¶ 25 n.10, 160 A.3d 1190; (Mot. Dismiss at 6 n.2.)

B. Opinion v. Fact

Defendants argue next that the other alleged defamatory statements are opinions not statements of fact. (Mot. Dismiss at 7-9.) Plaintiff argues that the statements are not opinions and

5

that she did not allege that the statements are merely opinions. (Opp'n to Defs.'s Mot. Dismiss at 9-12.) If an alleged defamatory statement is an opinion, the statement is not actionable. Ballard, 2005 ME 86, ¶ 10, 877 A.2d 1083. "If the average reader could reasonably understand the statement as either fact or opinion, the question of which it is will be submitted to the [fact-finder]." Id. at ¶ 11 (quotation marks omitted). Additionally, "[a] statement of opinion may be actionable if it implies the existence of undisclosed defamatory facts." Id. at ¶ 12.

Statement three, above, made by CEO King on behalf of defendant MMC about MMC being "stunned" by the allegations represents an opinion about the state of the company. Any defamatory claim connected to this statement is dismissed. The remaining alleged defamatory statements, the alleged statements by defendant Thomas and the alleged statements of Dr. Belisle, made by defendants are capable of being either fact or opinion and must be submitted to the fact finder or are statements that imply further undisclosed defamatory facts and survive this motion to dismiss.

C. Defamatory Statements

Defendant further argues that the alleged defamatory statements are not in fact defamatory. (Mot. Dismiss at 9-11.) "A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Schoff v. York Cty., 2000 ME 205, ¶ 9 n.3, 761 A.2d 869 (quotation marks omitted). Again, "[a] statement may be actionable if it implies the existence of undisclosed defamatory facts." Rippett, 672 A.2d at 86. Plaintiff alleges that defendants claim that plaintiff lied about being sexually harassed by her employer. (Compl. ¶¶ 56-79.) Accepting the plaintiff's allegations as true, Nadeau, 2014 ME 154, ¶ 8, 108 A.3d 1254, plaintiff has stated a

claim for defamation. See Ballard, 2005 ME 86, ¶ 14, 877 A.2d 1083 (finding that it is defamation to claim that someone is lying about an issue connected to his or her employment).

D. Privilege

Defendant argues that the statements were privileged and that plaintiff failed to allege malice. (Mot. Dismiss at 11-13.) "A conditional privilege against liability for defamation arises in settings where society has an interest in promoting free, but not absolutely unfettered, speech." Lester, 596 A.2d at 69. If a conditional privilege exists, liability attaches only if the privilege is abused. Id. Abuse occurs when a person makes a false statement or recklessly disregards whether a statement is true. Id.[1] "Whether a defendant abused the privilege is a question of fact." Morgan, 2008 ME 26, ¶ 34, 941 A.2d 447.

Here, the plaintiff has alleged that defendants knew their statements were false and made them with knowledge of their falsity. (Compl. ¶¶ 86-90.) Plaintiff sufficiently alleges an abuse of any privilege that the defendants may have.

E. Defamation Per Se

Plaintiff alleges that defendants' false statements relate to her profession and thus constitute defamation per se. Saunders v. Van Pelt, 497 A.2d 1121, 1124-25 (Me. 1985). Because plaintiff alleges defamation per se, she is not required to allege specific harm. See Rippett, 672 A.2d at 86.

Count II: Intentional Infliction of Emotional Distress

Plaintiff has agreed this count should be dismissed. (Opp'n to Defs.'s Mot. Dismiss 17.)

---

[1] The Law Court notes that "knowledge or disregard of falsity" this has traditionally been known as "actual malice." The Law Court avoids the term for clarity purposes. Lester, 596 A.2d at 69 n.7.

7

### Count III: Breach of Contract

Plaintiff has agreed this count should be dismissed. (Opp'n to Defs.'s Mot. Dismiss 18).

### Count IV: Declaratory Judgment

Plaintiff seeks a declaratory judgment with regard to the non-disparagement clause signed by plaintiff. In her memorandum, she states she will seek leave to amend her complaint. (Opp'n to Defs.'s Mot. Dismiss 18.) "Ordinarily, a trial court should rule on a motion for leave to amend before acting on another motion, such as a motion to dismiss, that could be dispositive of the original complaint." Paul v. Town of Liberty, 2016 ME 173, ¶ 7, 151 A.3d 924.

No scheduling order has issued on this case because of the pending motion to dismiss. Plaintiff will have twenty days from the date of this order to file any motion to amend the complaint. The court defers ruling on the motion to dismiss count IV of plaintiff's complaint.

The entry is

> Defendants' Motion to Dismiss Count I of Plaintiff's Complaint is DENIED as to alleged statements made by Defendant Thomas and by Dr. Lisa Belisle, Editor in Chief of Defendant MMC.
>
> Defendants' Motion to Dismiss Count I of Plaintiff's Complaint is GRANTED as to statements made by Andrea King, CEO of Defendant MMC.
>
> Defendants' Motion to Dismiss Counts II and III of Plaintiff's Complaint is GRANTED.
>
> The Court DEFERS ruling on the Motion to Dismiss Count IV of Plaintiff's Complaint. Plaintiff will have twenty days from the date of this order to file any motion to amend the complaint.

Date:   January 30, 2019

Nancy Mills
Justice, Superior Court

Entered on the Docket: / 3/. / 9

8