2001 ME 169

**Gilbert A. JOHANSON Sr. et al.**

v.

**Thomas C. DUNNINGTON Jr.**

Supreme Judicial Court of Maine.

Argued: Nov. 6, 2001.
Decided: Dec. 12, 2001.

Daniel R. Warren, Esq. (orally), Jones & Warren, P.A., Scarborough, for plaintiffs.

Roy T. Pierce, Esq. (orally), Jonathan S. Piper, Esq., Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

SAUFLEY, C.J.

[¶ 1] Gilbert and Irene Johanson appeal from the judgment entered in the Superior Court (York County, *Fritzsche, J.*) granting Thomas Dunnington's motion to dismiss their complaint alleging that Dunnington engaged in professional negligence when he represented them in a real estate transaction. The Johansons argue that New Hampshire's statute of limitations should control rather than Maine's; that if the Maine statute of limitations applies, Dunnington's work was tantamount to a real estate title opinion, thus bringing it within the "discovery" extension; and that they can maintain a contribution claim against Dunnington. We affirm the judgment of dismissal.

## I. BACKGROUND

[¶ 2] Because this case is on appeal from the granting of a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), we accept all the material allegations of the complaint as admitted. *In re Wage Payment Litig.*, 2000 ME 162, ¶ 3, 759 A.2d 217, 220.

[¶ 3] The Johansons sold a parcel of land in Eliot, Maine, to H.W. Crowley on October 10, 1990. They were represented in that transaction by Thomas Dunnington, a New Hampshire attorney,[1] who prepared a bill of sale, mortgage deed, and promissory note for the Johansons. Neither the warranty deed nor a subsequent clarifying deed were prepared by Dunnington, although they were signed by the Johansons after consultation with Dunnington. Both deeds failed to disclose an easement that the Johansons had granted to another party. After discovering the easement, Crowley filed suit against the Johansons. The suit was settled when the Johansons agreed to pay $21,000 to Crowley. The Johansons also incurred $21,957 in legal bills.

[¶ 4] On November 15, 2000, the Johansons filed a complaint against Dunnington, alleging breach of contract, negligence, contribution, and negligent infliction of severe emotional distress. Dunnington filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to M.R. Civ. P. 12(b)(6). The Superior Court granted that motion, holding that the Johansons's breach of contract, negligence, and negligent infliction of severe emotional distress claims were barred by Maine's statute of limitations, 14 M.R.S.A. §§ 752, 753–A (1980 & Supp. 2000). Additionally, the court ruled that the Johansons could not maintain an action against Dunnington for contribution because the Johansons and Dunnington were not joint tortfeasors. This appeal followed.

## II. DISCUSSION

A. Standard of Review

[¶ 5] We review a trial court's dismissal of a complaint pursuant to M.R. Civ. P. 12(b)(6) by examining the complaint "in the light most favorable to the plaintiff

---

1. The issue of whether Dunnington was improperly practicing law in Maine is not before us.

to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *In re Wage Payment Litig.*, 2000 ME 162, ¶ 3, 759 A.2d at 220. Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. *Id.*

### B. Applicable Statute of Limitations

 [¶ 6] On the facts set out in the Johansons's complaint, Maine's statute of limitations applies. "Under traditional choice of law rules, the forum state generally applies its own statute of limitations to a cause of action, even though it may apply the substantive law of another state." *Ouellette v. Sturm, Ruger & Co., Inc.*, 466 A.2d 478, 482 (Me.1983). There are two exceptions to this rule: (1) where Maine's borrowing statute applies; and (2) where the claim is predicated on a foreign statutory enactment. *Hossler v. Barry*, 403 A.2d 762, 765 (Me.1979).[2]

[¶ 7] The Johansons argue that their claims fall within the second exception because they are predicated on a New Hampshire statute. They allege that the professional negligence of an attorney licensed to practice in New Hampshire is governed by N.H. REV. STAT. § 508:4. That statutory provision, however, merely sets forth New Hampshire's statute of limitations. The substantive claims of professional negligence, breach of contract, and negligent infliction of emotional distress all arise from common law. Because these claims are not predicated on a specific New Hampshire statute, we look not to New Hampshire law but to the Maine statute of limitations to determine the

dates after which the negligence, breach of contract, and negligent infliction of emotional distress claims are time-barred. Pursuant to 14 M.R.S.A. § 752, the Johansons were required to file those claims within six years of the conduct they now challenge. That conduct occurred in the fall of 1990; thus, their claims were time-barred after the fall of 1996, long before they filed their complaint against Dunnington on November 15, 2000.

### C. Discovery Exception for Title Opinions

 [¶ 8] The Johansons contend, however, that even if the Maine statute of limitations applies, it did not begin to run until they *discovered* Dunnington's malpractice. They rely on the limited discovery exception to the standard six-year statute of limitations regarding title opinions. The applicable section provides:

> In actions alleging professional negligence or breach of contract, for legal service, by a licensed attorney, the statute of limitations shall start to run from the date of the act or omission giving rise to the injury and not from the discovery of the malpractice, negligence or breach of contract, except:
>
> A. In an action alleging professional negligence *in the rendering of a real estate title opinion.*

14 M.R.S.A. § 753–A (emphasis added). In order to bring their claims within this exception, the Johansons contend that the work Dunnington performed in connection with the sale of their property constituted the equivalent of the rendering of a real estate title opinion. We agree with the Superior Court that it did not.

---

2. Maine's statute of limitations would also apply if we were to apply the current version of the RESTATEMENT (SECOND) OF CONFLICT OF

LAWS §§ 6, 142 (1969); *see also Beaulieu v. Beaulieu*, 265 A.2d 610 (1970) (application of common law).

[¶ 9] Nothing alleged in the Johansons's complaint presents a credible argument that Dunnington undertook any action that was equivalent to rendering a title opinion. Dunnington drafted the mortgage deed, the note, and the bill of sale. The Johansons do not allege that he searched the title, issued a formal title opinion, or actually rendered any opinion as to the accuracy of the title.[3] As the Superior Court concluded, Dunnington simply "did not render a real estate title opinion." Although Dunnington may have acted negligently in providing legal advice and counsel to his clients, none of his alleged actions could be found to constitute the rendering of a title opinion.[4] Thus, the statute of limitations on the Johansons's claims against Dunnington ran in 1996 and the court properly dismissed their claims as time-barred.

### D. The Contribution Claim

[¶ 10] Finally, we find no error in the court's conclusion that the Johansons's contribution claim fails because Dunnington and the Johansons were not joint tortfeasors.[5] *See Thermos Co. v. Spence,* 1999 ME 129, ¶¶ 12–13, 735 A.2d 484, 487.

[¶ 11] Because Maine's statute of limitations applies, and because the discovery exception related to real estate title opinions does not apply, and finally because the Johansons have no right of contribution against Dunnington, the court correct-

ly dismissed the Johansons's cause of action.

The entry is:

Judgment affirmed.

---

**3.** It appears from the record that the buyer's attorney undertook a title search prior to the closing.

> The essence of the attorney-client relationship in title cases is the faith and trust which the client places in the representations of the attorney regarding the status of the title to the property he is about to purchase. The security of knowing that the title is good and the property is free of encumbrances is what the client purchases when he retains an attorney to search title for him.
> *Anderson v. Neal,* 428 A.2d 1189, 1192 (Me. 1981).

**4.** Exceptions to the statute of limitations are narrowly construed. *Nevin v. Union Trust Co.,* 1999 ME 47, ¶ 33, 726 A.2d 694, 700.

**5.** The Johansons premised their contribution claim on Maine law.