STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-04-05

NANETTE NAVARRA and
ROGER P. BLAZON

Plaintiffs

v.

LAKEVIEW IMPROVEMENT
SOCIETY
Defendant

ORDER ON DEFENDANT'S
MOTION TO DISMISS

DONALD L. GARBRECHT
LAW LIBRARY

JUN 8 2004

Before the court is Defendant Lakeview Improvement Society's (hereafter "LIS")
Motion to Dismiss pursuant to M.R. Civ. P. 12(b)(6).

## BACKGROUND

Plaintiffs are owners of a parcel of land on Sebago Lake in Standish, Maine
identified as Lot Number 99 pursuant to a Warranty Deed from Floyd E. Briner and
Joan L. Briner to Roger Blazon and Nanette Navarra dated October 16, 1997 and
recorded in said Registry of Deeds in Book 13383, Page 73 ("Property" or "Lot 99"). Lot
99 is identified on a Plan of Lake View made for P.R. Swan Co. dated May 28, 1924 and
recorded in the Cumberland County Registry of Deeds in Plan Book 16, Page 5
("Plan").

Defendant is a non-profit organization established for the purpose of managing
a homeowners association ("Association") for all of the owners of lots shown on the
Lake View Subdivision ("Subdivision"). All of the lot owners in the Subdivision are

- 1 -

members of the Association and hold certain rights and easements within the Subdivision pertinent to roads, ways, and a beach area.

Defendant and its members have a recognized walking easement ("Easement") for ingress and egress over Plaintiffs' Property. The Easement is located on the sandy beach portion of the Property and is depicted on the Plan. Plaintiffs claim fee ownership of the Property, including the Easement. Defendant has claimed a right to use and occupy the Property, as well as the ownership of the sandy beach area of the Property. Defendant and its members have expanded their use of the Easement to include sunbathing, parking boats, and lounging, despite Plaintiffs' request that they not do so.

Plaintiffs filed a five-count Complaint against Defendant in January 2004. All counts in the Complaint relate to the location of the boundary of the Property in relation to the water of Sebago Lake. Plaintiffs' Complaint asks the Court to: quiet title pursuant to 14 M.R.S.A. § 6651, *et seq.*, (Count I); reform Plaintiffs' deed to include a statement that the northeasterly boundary of the Property is the low water mark of Sebago Lake (Count II); enter a judgment in Plaintiffs' favor for trespass against the Defendant and award the Plaintiffs damages, costs, and attorney fees (Count III); enter a judgment in Plaintiffs' favor for slander of title against Defendant and award the Plaintiffs damages, costs, and attorney fees (Count IV); and grant Plaintiffs a declaratory judgment declaring title in them in fee simple, subject only to a limited easement for ingress and egress.

Defendant has moved for dismissal of Plaintiffs' Complaint in its entirety. Defendant argues that Counts I, III, IV and V must be dismissed because Plaintiffs' Property does not extend to the low water mark. In support of its argument, Defendant asserts that the Easement on the Plan is situated between Lot 99 and Sebago

- 2 -

Lake and does not run across Plaintiffs' property. In addition, Defendant claims that sections 460 and 465 of the Roads and Ways Act are inapplicable to the present case because they cover roads and ways and not sandy beach property. Defendant also argues that Count II should be dismissed because Plaintiffs' deed is not ambiguous and Plaintiffs have not shown that their predecessor-in-title held fee title to the strip of land shown between Lot 99 and Sebago Lake.

Plaintiffs argue that the application of Rule 12(b)(6) to the allegations in their complaint mandates retention of all five counts. With respect to Count I, Plaintiffs claim they have met the elements of a valid cause of action under the quiet title statutes and also assert that they are entitled to prove that the Easement is a "way" as described in the Roads and Ways Act. With respect to Count II, they claim that deed reformation is appropriate because there is a latent ambiguity in their deed. Plaintiffs further argue that because Counts I and II are viable, Counts III, IV and V may not be dismissed.

## DISCUSSION

Standard of Review

When reviewing a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), the court must examine the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." Johanson v. Dunnington, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1245-46 (quoting In re Wage Payment Litig. v. Wal-Mart Stores, Inc., 2000 ME 162, ¶ 3, 759 A.2d 217, 220). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." Johanson, 2001 ME 169 at ¶ 5, 785 A.2d at 1246.

I. **Quiet Title (Count I)**

Plaintiffs have sufficiently fulfilled all the statutory requirements for bringing a quiet title claim pursuant to 14 M.R.S. § 6651 *et seq.* (2003).[1] Plaintiffs' Complaint asserts that Plaintiffs are in possession of real property and claim an estate of freehold therein, have been in uninterrupted possession of the Property for more than four years, have set forth their estate, and have stated the source of their title and described the premises. See Compl. ¶¶ 1, 7, 9, & 11. In addition, Plaintiffs' Complaint avers that Defendant and its members have created apprehension that Defendant and its members are attempting an expanded use of the Easement on the Property, as well as asserts that such apprehension creates a cloud upon Plaintiffs' title and depreciates the market value of the Property. See Compl. ¶¶ 12-13, 29- 33. Finally, the Complaint inferentially prays that Defendant be summoned to show cause why they should not bring an action to try their title to the described premises. See Compl. Count I.

Defendant's argument that Plaintiffs may not claim fee ownership of the Property, including the Easement, pursuant to 33 M.R.S. § 460[2] and 33 M.R.S. § 465[3] is

---

[1] Section 6651 provides, in pertinent part:

> A person in possession of real property, claiming an estate of freehold therein . . . may, if he or those under whom he claims or those claiming under him have been in uninterrupted possession of such property for 4 years or more, bring an action in the Superior Court . . . setting forth his estate, stating the source of his title, describing the premises, and averring that an apprehension exists that persons named in the complaint, or persons unknown claiming as heirs, devisees or assigns, or in any other way, by, through or under a person or persons named in the complaint, claim or may claim some right, title or interest in the premises adverse to his said estate; and that such apprehension creates a cloud upon the title and depreciates the market value of the property; and praying that such persons be summoned to show cause why they should not bring an action to try their title to the described premises . . . A person in the enjoyment of an easement is in possession of real property within the meaning and for the purposes of this section.

14 M.R.S. § 6651 (2003).

[2] Section 460 provides:

> A conveyance of land which abuts a town or private way, county road, highway or proposed, unaccepted way laid out on a subdivision plan recorded in the registry of deeds shall be deemed to convey all of the grantor's interest in the portion of the road or way which abuts the land, except:
>
> 1. PROPOSED, UNACCEPTED WAYS. With respect to a proposed, unaccepted way laid out on a subdivision plan recorded in the registry of deeds, those rights provided to owners of other lots in the subdivision by Title 23, section 3031; and
>
> 2. ALL ROADS AND WAYS. With respect to a town or private way, county road or highway, an easement of access necessary to provide ingress and egress to property adjoining the town or private way, county road or highway which shall be preserved, unless the grantor expressly reserves his title to the road or way by a specific reference to the road or way contained in the conveyance.

- 4 -

unavailing. Defendant asserts that the Easement is not a way pursuant to the Roads and Ways Act; however, it offers no legal authority for its conclusion. Accordingly, Defendant's motion for dismissal of Count I is denied.

## II. Deed Reformation (Count II)

Plaintiffs have adequately stated a claim upon which relief may be granted in their Count II request for deed reformation.

> The doctrine of [deed] reformation is routinely used to mold a writing to the parties' intent, even when it means adding land not previously encompassed by the document. Where a deed is intended to carry into execution a written or oral agreement, but fails to express the manifest intention of the parties on account of a mistake of the draftsman, whether from carelessness, forgetfulness or lack of skill, equity will rectify the mistake to make the deed express the real intention of the parties.

Slipp v. Stover, 651 A.2d 824, 828 (Me. 1994) (citations and internal quotations omitted). Deed reformation is particularly appropriate where there is a latent ambiguity in the deed. Id. at 826. "A latent ambiguity in a deed is created when, in applying the description to the ground, facts extrinsic to the document controvert or in some way render unclear the deed's apparently unambiguous terms." Id. (citing Taylor v. Hanson, 541 A.2d 155, 157 (Me. 1988)).

Here, Plaintiffs' Complaint alleges that there are latent ambiguities in their deed. See Compl. ¶ 20. In addition, Plaintiffs assert the existence of extrinsic facts that controvert and render the seemingly unambiguous terms of their deed ambiguous. See Compl. ¶ 19. Accordingly, Defendant 's motion for dismissal of Count II is denied.

---

33 M.R.S. § 460 (2003).

[3] Section 465 provides

> Any person owning land in this State abutting a town or private way, county road or highway, whose predecessors in title have not reserved any title in such road or way as provided in sections 460 and 461, or filed the notice provided in section 462 within the time specified therein, shall be deemed to own to the centerline of such road or way except as provided in sections 466 to 469.

33 M.R.S. § 465 (2003).

### III. Trespass Pursuant to 14 M.R.S.A. § 7551, *et seq.* (Count III)

To establish a claim for trespass pursuant to 14 M.R.S.A. § 7551, *et seq.* Plaintiffs must allege that Defendant violated section 7551-B, which provides, in pertinent part:

> 1. PROHIBITION. A person who intentionally enters the land of another without permission and causes damage to property is liable to the owner in a civil action if the person:
>
> > A. Damages or throws down any fence, bar or gate; leaves a gate open; breaks glass; damages any road, drainage ditch, culvert, bridge, sign or paint marking; or does other damage to any structure on property not that person's own; or
> >
> > B. Throws, drops, deposits, discards, dumps or otherwise disposes of litter, as defined in Title 17, section 2263, subsection 2, in any manner or amount, on property not that person's own.

14 M.R.S. § 7551-B (2003).

Here, Plaintiffs' Complaint sufficiently pleads a cause of action under the statutory scheme. Plaintiffs allege that Defendant has intentionally trespassed on their land and caused its members to interfere with Plaintiffs' property rights by expanding their use of the Easement beyond the language of the conveyance and the intention of the developer. See Compl. ¶¶ 23, 25-26. In addition, Plaintiffs allege that the defendant has caused damages to the plaintiffs by its actions. Compl. ¶ 27. Accordingly, Defendant's Motion to Dismiss Count III is denied.

### IV. Slander of Title (Count IV)

"'The tort of slander of title is also commonly known as 'injurious falsehood.'" Raymond v. Lyden, 1999 ME 59, ¶ 6, 728 A.2d 124, 126, n.6 (quoting W. Page Keeton, Prosser and Keeton on Torts, § 128, at 964 (5th ed. 1984)). "The elements of the tort are (1) a publication of a slanderous statement disparaging claimant's title; (2) that was false;

(3) made with malice or with reckless disregard of its falsity; and (4) that caused actual or special damages." Id. (citing Colquhoun v. Webber, 684 A.2d 405, 409 (Me. 1996).

In the present case, Plaintiffs' Complaint alleges that Defendant and its representatives or members have made public slanderous statements disparaging Plaintiffs' title to the Property. See Compl. ¶ 29. Plaintiffs' Complaint also asserts that the statements were false and were made with malice or reckless disregard for their falsity, see Compl. ¶¶ 30-31, and that the statements have caused them actual damages. See Compl. ¶¶ 30, 32, 33. Specifically, Plaintiffs assert that the statements have created a cloud on their title to the Property, that they are unable to sell the Property at full market value with the cloud on their title, and that they have been forced to take this legal action to clear the title on the Property. See Compl. ¶¶ 30, 32, 33. Hence, Count IV survives Defendant's Motion to Dismiss.

**V. Declaratory Judgment Pursuant to 14 M.R.S.A. § 5951, *et seq.* (Count V)**

This court has the authority to declare rights and other legal relations. 14 M.R.S. § 5953 (2003). "The discretion to be exercised is of a judicial nature, not arbitrary but based on good reason." Eastern Fine Paper, Inc. v. Garriga Trading Co., 457 A.2d 1111, 1113 (Me. 1983) (citing W. Anderson, Declaratory Judgments § 172, at 525-26 (1940). In making a decision on whether to retain a declaratory judgment claim, the court must determine whether the adjudication will serve some useful purpose. Id. (citing Cape Elizabeth Sch. Bd. v. Cape Elizabeth Teachers Ass'n, 435 A.2d 1381, 1383 (Me. 1981). "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." 14 M.R.S. § 5953; M.R. Civ. P. 57.

In the case at bar, Plaintiffs' Complaint directly asserts that there is a dispute regarding the title status of their property, see Compl. ¶ 35, and indirectly asserts that a declaratory judgment will serve the useful purpose of allowing them to limit the

easement on their property to ingress and egress. <u>See</u> Compl. at Count V. Accordingly, Plaintiffs have set forth a valid cause of action for Declaratory Judgment and Defendant's motion for dismissal of Count V is denied.

## DECISION

Based upon the foregoing, and pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is

Defendant's Motion to Dismiss is DENIED.

Dated at Portland, Maine this 26th day of May 2004.

Robert E. Crowley
Justice, Superior Court

NANETTE NAVARRA   - PLAINTIFF

Attorney for: NANETTE NAVARRA
ERIKA L FRANK
LAW OFFICE OF ERIKA L FRANK
840 ROOSEVELT TRAIL
WINDHAM ME 04062


ROGER P. BLAZON   - PLAINTIFF

Attorney for: ROGER P. BLAZON
ERIKA L FRANK
LAW OFFICE OF ERIKA L FRANK
840 ROOSEVELT TRAIL
WINDHAM ME 04062


vs
LAKEVIEW IMPROVEMENT SOCIETY - DEFENDANT

Attorney for: LAKEVIEW IMPROVEMENT SOCIETY
WILLIAM KNOWLES
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-RE-2004-00005


**DOCKET RECORD**