STATE OF MAINE  SUPERIOR COURT
CUMBERLAND, ss.  CIVIL ACTION
  DOCKET NO. CV-03-539


MICHAEL SMITH,

Plaintiff


v.  ORDER ON DEFENDANTS'
  MOTION TO DISMISS
UNDERWOOD SPRING AND
BOTTLING CO., INC.,
UNDERWOOD MOBILE HOME PARK,
and ARTHUR YANUCHI,

Defendants

This matter is before the court on the defendants' motion to dismiss the plaintiff's complaint. For the purposes of this motion, the court accepts the truth of the allegations in the complaint and examines them in the light most favorable to the plaintiff.

BACKGROUND

The defendant Arthur Yanuchi ("Yanuchi") is described in the complaint as the "owner" of the defendant Underwood Spring and Bottling Co., Inc., ("Underwood"),[1] which is the owner of the Underwood Mobile Home Park ("Park"). (Compl. ¶¶ 7-9.)

In 1988, the plaintiff moved into the Park and rented a mobile home from "the Defendant".[2] (Compl. ¶ 10.) At the time, the plaintiff's brother, Jeff Smith, owned a mobile home on a lot he rented in the Park. (Compl. ¶ 10.)

---

[1] Presumably this means that Yanuchi is the sole or majority shareholder of Underwood.

[2] The complaint does not identify which defendant.

On November 1, 2001, the plaintiff purchased his brother's mobile home and Yanuchi approved the sale. (Compl. ¶¶ 14, 16.) Thereafter, Yanuchi transferred Jeff Smith's lease to the plaintiff. (Compl. ¶ 17.) However, Yanuchi denied the plaintiff's request to build an addition to the mobile home in order to accommodate the size of the plaintiff's family. (Compl. ¶¶ 18, 19.) As a result, the plaintiff never moved into the mobile home and decided to sell it. (Compl. ¶ 20.)

The plaintiff advertised the sale of the mobile home and in mid-November 2001 received an offer of $10,000. (Compl. ¶¶ 21, 22.) Yanuchi would not approve a sale to anyone other than himself if the plaintiff intended to leave the mobile home in the park. (Compl. ¶ 24.) Yanuchi also told the plaintiff that, if the mobile home was sold to anyone other than Yanuchi, it would have to be moved from the park within forty-five days. (Compl. ¶ 26.) The prospective buyer withdrew his offer. (Compl. ¶ 25.)

The plaintiff concluded that he could not afford to pay to have the mobile home moved and had no place to relocate it. (Compl. ¶ 27.) He agreed to sell the mobile home to Yanuchi for $2000.00. (Compl. ¶ 28.) Several weeks later, the plaintiff attempted to buy back the mobile home at a reasonable price, but Yanuchi refused to sell it to him. (Compl. ¶¶ 29, 30.)

It is from this premise that the plaintiff alleges that the defendants tortiously interfered with his prospective economic advantage (Count I), unreasonably interfered with or discouraged his attempt to sell the mobile home in violation of 10 M.R.S.A. § 9094(4) (Count IV), and violated section 207 of the Maine Unfair Trade Practices Act (hereinafter "UTPA") (Count V).[3]

---

[3] Counts II and III of the plaintiff's complaint have been dismissed. *See* 3/25/04 Order (dismissing Counts II and III).

DISCUSSION

When reviewing a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), the court examines the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1245-46 (quoting *In re Wage Payment Litig. v. Wal-Mart Stores, Inc.*, 2000 ME 162, ¶ 3, 759 A.2d 217, 220). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Johanson*, 2001 ME 169 at ¶ 5, 785 A.2d at 1246.

A.    Tortious Interference with a Prospective Economic Advantage

Tortious interference with a prospective economic advantage requires the plaintiff to prove (1) that there was a valid contract or prospective economic advantage, (2) that the defendant interfered with the contract or advantage through fraud or intimidation, and (3) that the defendant's interference proximately caused damages. *Rutland v. Mullen*, 2002 ME 98, ¶ 13, 798 A.2d 1104, 1110 (citing *James v. MacDonald*, 1998 ME 148, ¶ 7, 712 A.2d 1054, 1057). "The presence of fraud or intimidation is critical to a claim for tortious interference because it distinguishes unlawful conduct from conduct inherent in a healthy competitive economic environment." *Id.*, 2002 ME 98, ¶ 13, 798 A.2d at 1110, n.5.

To establish a prima facie case of interference by fraud, a plaintiff must show that the defendant (1) made a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or refrain from acting in reliance on it, and (5) the person justifiably relies on the representation as true

3

and acts upon it, thereby causing the plaintiff to suffer damages. *Rutland*, 2002 ME 98, ¶ 14, 798 A.2d at 1111; *Petit v. Key Bank of Maine*, 688 A.2d 427, 430 (Me. 1996); *Grover v. Minette-Mills, Inc.*, 638 A.2d 712, 716 (Me. 1994); *see also Restatement (Second) of Torts* §§ 525-26 (1977).

The defendants assert that the plaintiff has not alleged the loss of an economic advantage as a result of any interference by the defendants, that the plaintiff's allegations do not support a claim for either fraud or intimidation, and that the plaintiff has failed to allege that the defendants acted intentionally. The court does not agree. Viewing the complaint in the light most favorable to the plaintiff, the plaintiff has adequately pled his claim. First, he has alleged the receipt of an offer to purchase the mobile home for his asking price of $10,000, thereby establishing the existence of a prospective economic advantage. *See* Compl. ¶ 22.

Second, the complaint sufficiently alleges that the defendants interfered with the plaintiff's prospective business, to wit: it alleges that the plaintiff was prohibited from selling the mobile home to anyone other than Yanuchi if the plaintiff intended to leave the mobile home in the park. *See* Compl. ¶ 24. The complaint also alleges that Yanuchi told the plaintiff that the mobile home would have to be moved from the park if it was sold to anyone other than Yanuchi. *See* Compl. ¶ 26.

The complaint also inferentially, but with sufficient particularity, alleges the elements of fraud necessary for his claim that the defendants' interference was fraudulent. *See* M.R. Civ. P. 9(b). It alleges that Yanuchi's statements were false misrepresentations under 10 M.R.S.A. §9094, as the statements were unreasonable and unlawful under the statute. *See* Compl. ¶ 47. In addition, the complaint alleges that these statements were material. *See* Compl. ¶¶ 37,

4

48. Further, it inferentially suggests that Yanuchi knew that the statements were unlawful, as Yanuchi applied a different rule to the sale of the mobile home between Jeff Smith and the plaintiff. *See* Compl. ¶ 16. In addition, it can be inferred that Yanuchi's statements were made in order to induce the plaintiff to sell the mobile home to him. *See* Compl. ¶¶ 24, 26. Finally, the allegations suggest that Yanuchi's fraudulent interference proximately caused the plaintiff to sell the mobile home to Yanuchi, rather than the prospective buyer, thereby causing damages in the form of a substantially diminished sales price. *See* Compl. ¶¶ 25, 28, 37.

Accordingly, the defendants' motion to dismiss Count I is denied.

B.    Statutory Claims

1.    Procedural Considerations

Before reaching the merits of the plaintiff's statutory claims in Counts IV and V, the court considers the parties' arguments regarding procedural issues. The defendants assert that the plaintiff's claim based on a violation of the mobile home park statute is actionable, if at all, only as a violation of the UTPA. They argue that Count IV should be dismissed, and that the plaintiff's claim for a violation of 10 M.R.S.A. § 9094(4) should be analyzed as part of the plaintiff's Count V claim. In opposition, the plaintiff argues that although violations of section 9094(4) are to be pursued under the UTPA, his section 9094(4) claim is separate and distinct from his other UTPA claim and he is entitled to pursue each claim independently. In addition, the plaintiff asserts that his section 9094(4) claim incorporates by reference 10 M.R.S.A. § 9097, which has its own enforcement provision. In reply, the defendants argue that the plaintiff's complaint is void of any reference to section 9097 and therefore, the plaintiff is not presently entitled to assert a claim under section 9097.

After carefully reviewing the complaint, the court finds that the plaintiff has failed to state a claim for a violation of section 9097 in accordance with Rule 8(a) of the Maine Rules of Civil Procedure. *See* M.R. Civ. P 8(a) (requiring "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief which the pleader seeks.") Rather, the complaint specifically focuses on section 9094(4) and does not make any reference to section 9097.[4] In addition, the plaintiff's prayer for relief supports the conclusion that the plaintiff's complaint merely alleges a violation of section 9094(4) and not any other portion of the mobile home park statute, as it specifically states that the plaintiff prays for damages "as provided for . . . in 10 M.R.S.A. § 9094." *See* Compl. at 4. Accordingly, the complaint does not state a claim for relief pursuant to section 9097 and so much of Count IV that purports to assert such claim under that section is dismissed. *Cf. Marquis v. Farm Family Mut. Ins. Co.*, 628 A.2d 644, 652-653 (Me. 1993) (holding that plaintiffs could not claim entitlement to statutory interest and attorney fees under the unfair claims practices statute where they had not pled unfair claims practices and had not alleged or proven a specific violation of the statute).[5]

With respect to the plaintiff's section 9094(4) claim, the court agrees with the defendants' assertion that the claim is actionable, if at all, only under

---

[4] The first paragraph of the complaint states that the plaintiff is "seeking compensatory and punitive damages in his claims for . . . a violation of Maine's mobile home statute." *See* Compl. ¶ 1. However, rather than supporting the plaintiff's assertion that he has pled a 9097 claim and is entitled to employ the enforcement provision in the section, the general reference to the mobile home statute and damages sought lacks any mention of the enforcement provision in section 9097. *See id.*

[5] To be clear, although the plaintiff may not pursue a claim under section 9097, the plaintiff is entitled to cite violations of section 9097 in support of his argument that the defendants violated section 9094(4),

the UTPA. *See* 10 M.R.S.A. § 9100 (1997) ("A violation of this chapter is a violation of Title 5, chapter 10, the unfair trade practices laws"). However, the court also agrees with the plaintiff's assertion that he is rightfully entitled to pursue two different legal theories against the defendants. Accordingly, in reviewing the defendants' motion to dismiss, the court will undertake an independent review of the plaintiff's Count IV and V claims.

    2.    Violation of 10 M.R.S.A § 9094(4) (Count IV)

The defendants argue that a landlord's refusal to waive his bargained-for-rights, which indirectly hampers a tenant's efforts to sell, does not fall within the ambit of section 9094(4) and hence, the plaintiff's claim for a violation of section 9094(4) should be dismissed. Section 9094(4) states, "A mobile home park owner may not unreasonably interfere with or discourage a tenant's attempt to sell a mobile home situated on a park lot." 10 M.R.S.A. § 9094(4) (Supp. 2003).

The plaintiff's complaint alleges that Yanuchi is a mobile home park owner and that he was Yanuchi's tenant. *See* Compl. ¶¶ 7, 13, 17. The complaint also establishes by inference that the mobile home in question was situated on Yanuchi's lot. *See id.* ¶¶ 13, 17. In addition, it alleges that Yanuchi unreasonably interfered with and discouraged the plaintiff's attempt to sell the mobile home by refusing to allow the plaintiff to sell his home to anyone other than Yanuchi unless the plaintiff removed the mobile home from Underwood. *See id.* ¶¶ 24, 26, 46.

The defendants' argument that Yanuchi's refusal was legally permissible *is unavailing at this stage in the proceedings, as the record has not been* developed. The plaintiff's complaint does not contain any portions of the parties' lease agreement or Underwood's rules, nor does it contain any details

regarding the manner in which Underwood's rules were applied to others in the park. In addition, the complaint does not contain details regarding the prospective sale of the plaintiff's mobile home to the outside buyer who initially offered the plaintiff $10,000 for the mobile home, or details on the grounds on which the defendants allegedly refused to permit the sale. As a result, the court cannot determine on this motion record whether such a refusal was legally permissible.

Accordingly, the defendants are not entitled to a dismissal of Count IV.

3. Violation of 5 M.R.S.A. § 207 (Count V)

The defendants assert that the plaintiff has failed to state a claim against the defendants that amounts to a violation of UTPA and that Count V should be dismissed. Section 207 of the UTPA provides: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." 5 M.R.S. § 207 (2002). "'[W]hether an act or practice is unfair or deceptive for the purposes of section 207 of the UTPA cannot be defined precisely and must be determined by the factfinder on a case by case basis.'" *ALC Dev. Corp. v. Walker*, 2002 ME 11, ¶ 19, 787 A.2d 770, 776 (quoting *Binette v. Dyer Library Ass'n*, 688 A.2d 898, 906 (Me. 1996).

The complaint alleges that Yanuchi's refusal to consider the sale of the plaintiff's mobile home to a prospective buyer without regard to that person's suitability for admission to Underwood violates the UTPA. *See* Compl. ¶ 52. Again, given the undeveloped record at this stage in the proceedings, the defendants' assertion that Yanuchi's actions were legally permissible is not ripe for consideration. Hence, *the plaintiff's complaint states a claim upon which* relief may be granted and the defendants' motion for dismissal of Count V is denied.

8

## DECISION

Based upon the foregoing, and pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is

So much of Count IV of Plaintiff's Complaint that purports to allege a claim pursuant to 10 M.R.S.A. § 9097 is DISMISSED;

In all other respects, Defendants' Motion to Dismiss is DENIED.

Dated: July 15, 2004

_____
Justice, Superior Court