STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO: CV-07-279
                                        RAC — CUM-8/24/2007

MARY ELLEN CIVIELLO

                   Plaintiff,
                                        **ORDER**
    v.


PORTLAND SCHOOL COMMITTEE, et. al.,
                   Defendant.


This matter comes before the Court on Defendant's motion to dismiss
Plaintiff's complaint per M.R. Civ. P. 12(b)(6).

## BACKGROUND

On May 18, 2007, Plaintiff Mary Ellen Civiello ("Civiello") filed a
complaint for defamation and violation of procedural due process under the
Maine Constitution against Defendants Portland School Committee and Portland
School Department (collectively the "School Department"). Motion to file an
amended complaint was granted on July 17, 2007.

Civiello is an educational technician employed with the School
Department. She has held this position since August, 2002, primarily at Deering
High School ("Deering"). On May 25, 2006, two of her co-workers at Deering
submitted a letter to their supervisor alleging performance deficiencies on the
part of Civiello. Civiello contends that this letter was a result of personality
disputes that erupted between herself and her co-workers and that the
allegations are "false, baseless, defamatory and harmful" to her. As a result of
this letter, Civiello was transferred to "other duties within the school system."

1

The School Department now moves to dismiss this case because they contend that Civiello has failed to state a claim of defamation by failing to claim a statement was made in the amended complaint, and by failing to state a claim that an unprivileged defamatory statement outside of the scope of employment was made in the original complaint. With respect to the procedural due process claim, the School Department contends that Civiello has failed to meet her threshold burden of alleging facts sufficient to show a property interest subject to procedural due process protection under the Maine Constitution.

Civiello contends that she has been defamed by the School Department. Specifically, she contends that her reassignment by the School Department is a defamatory statement under Maine law and that announcement of the reassignment constitutes a publication of that statement. Civiello further contends that the statement (reassignment) was negligent because the School Department based its decision to reassign, without investigation, on the May 25, 2006 letter of her co-workers. Civiello claims harm to her reputation in the education community and her reputation with prospective employers. Further, the School Department decision to transfer Civiello without investigation of the May 25 letter is asserted to be a violation of Civiello's procedural due process rights under the Maine Constitution because she was not afforded the right to "receive and review accusations" or the right to be heard.

## DISCUSSION

### 1. Standard of Review.

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. Because the Court reviews the complaint in the light most favorable to the plaintiff to ascertain whether it

properly sets forth elements of a cause of action, "the material allegations of the complaint must be taken as admitted." *Id.* ¶ 5, 707 A.2d at 85. Dismissal is warranted only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts" that might be proved in support of the claim. *Johanson v. Dunnington,* 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246. Because this Court granted Civiello's motion for an amended complaint, the Court will consider its motion to dismiss based upon the amended complaint.

2. Has Civiello set forth facts sufficient to support a defamation claim?

The common law elements of defamation recognized under Maine law are: a) a false and defamatory statement concerning another; b) an unprivileged publication to a third party; c) fault amounting at least to negligence on the part of the publisher; and d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Lester v. Powers,* 596 A.2d 65, 69 (Me. 1991).

The threshold issue is whether the action of the School Committee constitutes a defamatory statement under the first element of defamation. "A defamation claim requires a statement - - i.e. *an assertion of fact,* either explicit or implied, and not merely an opinion, provided the opinion does not imply the existence of undisclosed defamatory facts." *Lester,* 596 A.2d at 69 (emphasis added). A statement is defined as a matter communicated which is intended to express the communication. Restatement Second of Torts § 563 (1977). An assertion is defined as a declaration or allegation. *Black's Law Dictionary* 46 (2d pocket ed. 2001).

3

In this case Civiello contends that the defamatory statement is the action taken by the School Committee reassigning Civiello to a new position. She does not claim that the School Committee's action was an assertion of the fact that she was inadequate in her previous position, just that the reassignment occurred subsequent to and was negligently based upon the alleged defamatory letter from co-workers.

Furthermore, "[w]hether a statement complained of is capable of conveying a defamatory message at all is a question of law." *Bakal v. Weare*, 583 A.2d 1028, 1030 (Me. 1990). Should the Court find that the statement, when considered in context, is capable of a defamatory meaning, the fact finder then considers the impact of the statement on the recipient. Maine Tort Law, 362 (September 1999).

Thus, a defamation claim may be dismissed "by finding either that the allegation is incapable of bearing a *particular meaning* or that meaning is not defamatory." *Id.* at 362-63 (citing Restatement (Second) of Torts § 614) (emphasis added). For example, The Law Court found a letter from a defendant, which was alleged to contain threats of physical violence, too vague to be considered defamatory. *Bakel*, 583 A.2d at 1030. The Court found that the letter, when considered in context, by a reasonable person was not defamatory as a matter of law. *Id.*

Hence, even if the Court construes the School Committee's action as a statement at common law, it still would not survive for lack of allegations that the action asserted a particular, defamatory meaning. Considering the facts in the light most favorable to Civiello and accepting that the May 25, 2006 letter

4

from co-workers was defamatory, she has nonetheless failed to state a claim that a defamatory statement was made by the School Committee.

3.	Does Civiello set forth a claim that her right to procedural due process under the Maine Constitution was violated?

Under the Maine Constitution, an individual has a right to procedural due process where deprivations of liberty or property interests are at issue. Me. Const., art. I § 6-A. Thus, Civiello must allege facts sufficient to show "that a person acting under color of state law deprived her of a constitutionally protected liberty or property interest without due process." *Ryan v. City of Augusta*, 622 A.2d 74 (Me. 1993). A property interest can exist by statute or ordinance in public employment. *Barber v. Town of Fairfield*, 460 A.2d 1001, 1005 (Me. 1983).

In this case, Civiello claims that the School Committee reassigned her to a new position without adequate investigation into the allegations that led to the reassignment, and without affording her an opportunity to be heard on the matter. She has made no claims regarding the content of any employment contract that would infer a property interest, constructive or actual loss of employment, or infringement of a liberty interest. Considering these facts as true and in a light most favorable to Civiello, she has failed to assert a property or liberty interest that has been compromised by the School Committee's actions.

**The entry is:**

Defendant's Motion to Dismiss on Count I, the defamation claim is GRANTED.

Defendant's Motion to Dismiss on Count II, the procedural due process claim is GRANTED.

DATE: _August 24, 2007_

_____
Roland A. Cole
Justice, Superior Court



DANIEL WARREN ESQ
243 US ROUTE ONE
SCARBOROUGH ME 04074

MELISSA HEWEY ESQ
PO BOX 9781
PORTLAND ME 04112

