STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, SS                                    CIVIL ACTION
                                                  DOCKET NO. CV-08-249

BARBARA DOUGHTY

        Plaintiff

             v.                              ORDER

FLYING CHANGES CENTER
FOR THERAPUETIC RIDING, INC.

        Defendant

This matter comes before the Court on Defendant Flying Changes Center for

Therapeutic Riding, Inc.'s (Flying Changes) motion to dismiss count II (breach of

contract) of the complaint pursuant to M.R. Civ. P. 12(b)(6) and Plaintiff Barbara

Doughty's motion for leave to amend complaint pursuant to M.R. Civ. P. 15(a).

                              BACKGROUND

Ms. Doughty was involved in the founding and management of Flying Changes,

a nonprofit corporation organized under the State of Maine. Since its inception,

Doughty has served as an officer and executive director of Flying Changes, however, on

January 17, 2008, Doughty was notified that her employment with Flying Changes was

terminated.[1]

In 1998, Flying Changes agreed to open and contribute to a Simplified Employee

Pension Individual Retirement Account (SEP IRA) for Ms. Doughty. While Flying

Changes opted to close this SEP IRA in 2003, Ms. Doughty maintains that Flying

Changes agreed to provide her with $8000.000 in after-tax funding for her retirement.

According to Ms. Doughty, this amount was to represent an acknowledgment of her

---

[1] While Ms. Doughty claims that she was the Executive Director of Flying Changes at the time her employment was terminated, Flying Changes claims that she had been replaced as Executive Director in December 2007 but continued working for the organization in other capacities.

years of service and was meant to serve as additional compensation, given the fact that her salary while working for Flying Changes was limited. Ms. Doughty maintains that this agreement was confirmed and reaffirmed by the Board when Flying Changes decided to terminate her employment. To date, Flying Changes has not provided Ms. Doughty with this amount.

Flying Changes filed a motion to dismiss, arguing that because count II of the complaint is based on an alleged failure to fund Ms. Doughty's SEP IRA, an ERISA governed employment benefit plan, that such an alleged failure falls within the scope of ERISA's remedial scheme. As such, Flying Changes argues that ERISA preempts Ms. Doughty's breach of contract claim.

Ms. Doughty argues that while at one time the company maintained a SEP IRA for her, that because it was closed in 2003, and because Flying Changes subsequently promised to provide her $8000.00 for her retirement, the basis of her action is a breach of promise, and as such, does not fall under the scope of ERISA. Therefore, in response to Flying Changes' motion to dismiss, Ms. Doughty filed a motion for leave to amend her complaint in order to take out all references to the SEP IRA.

DISCUSSION

A. *Standard of Review*

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. Because the Court reviews the complaint in the light most favorable to the plaintiff to ascertain whether it properly sets forth elements of a cause of action, "the material allegations of the complaint must be taken as admitted." *Id.* ¶ 5, 707 A.2d at 85. "We determine whether the complaint 'sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" *Doe v. District Attorney*, 2007 ME 139, ¶ 20, 932

2

A.2d 552, 558 (quoting *Persson v. Dep't. of Human Servs.*, 2001 ME 124, ¶ 8, 775 A.2d 363, 365). Dismissal is warranted only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts" that might be proved in support of the claim. *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246.

## B. *ERISA Preemption*

ERISA "is a comprehensive statute designed to promote the interest of employees . . . by regulating the creation and administration of employee benefit plans." *Gallagher v. Cigna Healthcare of Me., Inc.*, 538 F. Supp.2d 286, 291 (D. Me. 2008). As such, ERISA creates a civil enforcement mechanism whereby a person may bring a civil action under the statute to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132 (a)(1)(B). With a few exceptions not relevant here, ERISA preempts "all State laws as they . . . relate to an employee benefit plan." 29 U.S.C. § 1144(a).

According to the U.S. Supreme Court, Congress intended ERISA to preempt state law in order to

> afford employers the advantages of a uniform set of administrative procedures governed by a single set of regulations. This concern only arises, however, with respect to benefits whose provision by nature requires an ongoing administrative program to meet the employer's obligation. It is for this reason that Congress pre-empted state laws relating to *plans*, rather than simply to *benefits*. Only a plan embodies a set of administrative practices vulnerable to the burden that would be imposed by a patchwork scheme of regulation.

*Fort Halifax Packing Co., Inc. v. Coyne, Director Bureau of Labor Standards of Maine, et al.*, 482 U.S. 1, 11-12 (1987) (emphasis in original).

According to the First Circuit, an ERISA preemption analysis "involves two central questions: (1) whether the plan at issue is an 'employee benefit plan' and (2)

3

whether the cause of action 'relates to' this employee benefit plan." *McMahon v. Digital Equip. Corp.* 162 F.3d 28, 36 (1st Cir. 1998).

*B(1). Is There An Employee Benefit Plan?*

Under ERISA, the term "employee benefit plan" is defined as an employee welfare benefit plan, an employee pension benefit plan, or both. 29 U.S.C. § 1002(3). This case involves an employee pension benefit plan, which is defined by the statute as any plan, fund, or program which was established or maintained by an employer "to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program" (1) provides retirement income to the employees, or (2) "results in a deferral of income by employees for periods extending to the termination of covered employment or beyond." 29 U.S.C. § 1002(2)(A). The existence of an ERISA plan is "a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person." *Wickman v. Northwestern Nat'l Ins. Co.*, F.2d 1077, 1082 (1st Cir. 1990).

In one case, the Maine law at issue required the owners of a closing factory to provide their employees with a one-time, lump sum severance payment. *Fort Halifax*, 482 U.S. at 4-5. The U.S. Supreme Court, in determining that such a payment is not an employee benefit plan, stated that such a one-time, lump payment requires no administrative scheme because "[t]he employer assumes no responsibility to pay benefits on a regular basis, and thus faces no periodic demands on its assets that create a need for financial coordination and control." *Id.* at 12. Moreover, the Court asserted that "[t]o do little more than write a check hardly constitutes the operation of a benefit plan." *Id.*

While Ms. Doughty's original and proposed amended complaints include the term "IRA," her claim does not involve an employee benefit plan. Similar to the

4

plaintiff's claims in *Fort Halifax*, the present matter is based on Flying Changes promise to provide Ms Doughty with a one time, lump sum of $8000.00 for her retirement. As no IRA exists for Ms. Doughty's benefit, all that would be required of Flying Changes would be to write a check, and thus there exists no ongoing administrative program that would necessitate the financial control and coordination provided by ERISA. Therefore, as in *Fort Halifax*, the promise to provide Ms. Doughty $8000.00 for her retirement is not a benefit plan.

B(2). *Does Ms. Doughty's Cause of Action "Relate To" An Employee Benefit Plan?*

While ERISA is not explicit in what is meant by a state law "relating to" an ERISA benefit plan, the U.S. Supreme Court has stated that the phrase "relate to" should be given a "broad common sense meaning." *Pilot Life Ins. Co.*, 481 U.S. 21, 47 (1987). A claim relates to an ERISA plan if "it has a connection with or reference to such a plan," *Carlo v. Reed Rolled Thread Die Co.*, 29 F.3D 790, 793 (1st Cir. 1995), or "if the trier of fact necessarily would be required to consult the ERISA plan to resolve the plaintiff's claims." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990).

As it has already been decided that Flying Changes promise to Ms. Doughty to provide her with $8000.00 for retirement is not an employee benefit plan under ERISA, it can not be agued that Ms. Doughty's complaint relates to or has a connection with such a plan.

C. *Motion for Leave to Amend Complaint*

Under M.R. Civ. P. 15(a), "leave shall be freely given when justice so requires." While it has already been decided that this case does not relate to an employee benefit plan, Ms. Doughty should be given leave so as to clarify her complaint by omitting all references to an IRA.

5

## DECISION

It is hereby ORDERED that the Defendants' motions to dismiss be DENIED.

It is hereby ORDERED that Plaintiff's motion for leave to amend complaint be GRANTED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: September 12, 2008

_____
Roland A. Cole, Justice

6

FRANK MCGUIRE ESQ
PO BOX 1401
BANGOR ME 04402

*Defendans*

*Plaintiff*

JUDY METCALF ESQ
PO BOX 9
BRUNSWICK ME 04011