STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-11-495
JAW-CUM- 6/4/2012

JOSEPH F. MANGONE

Plaintiff,

v.

1330 DENTAL ASSOCIATES, P.A.

Defendant

STATE OF
Cumberland, ss.

JUN 04 2012

RECEIVED

## ORDER AND DECISION ON MOTION TO DISMISS

Before the court is the defendant's motion to dismiss part of Counts I and II and all of Count III of the plaintiff's Complaint. The motion has been fully briefed by the parties and is ruled on without hearing pursuant to M.R. Civ. P. 7(b)(7).

## BACKGROUND

The plaintiff, Joseph F. Mangone ("Plaintiff") is an employee of 1330 Dental Associates ("Defendant"). The parties entered into a Compensation Agreement on September 1, 1999 (the "Agreement"). This Agreement outlines the formula for calculating the Plaintiff's compensation for the services he provided to the Defendant and defined the benefits that the Plaintiff was entitled to receive during his employment. The Plaintiff alleges that, in breach of the Agreement and in violation of 26 M.R.S. § 629, the Defendant has withheld from the Plaintiff's pay amounts paid on the Plaintiff's behalf for state and local dental

1

association dues, educational programs required for licensing purposes, and both the Plaintiff's and Defendant's share of social security and Medicare taxes.

The Defendant has brought this motion to dismiss and asserts as an affirmative defense that the Plaintiff's causes of action are barred by the statute of limitations. The Defendant raises the additional argument that Count III of the Complaint fails to state a claim upon which relief may be granted.

## DISCUSSION

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994). The court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* When testing the complaint under M.R. Civ. P. 12(b)(6), the material allegations of the complaint must be taken as admitted. *Id.* "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244. The statute of limitations may be raised by motion to dismiss if the facts giving rise to the defense appear on the face of the summons and complaint. *State v. Milam*, 468 A.2d 620, 621 (Me. 1983).

I.      *Breach of Contract/Declaratory Judgment*

The six-year statute of limitations applies to each count of the Compliant. 14 M.R.S. § 752 (2012). This statute states that a civil action must be brought within six years after the cause of action accrues. Typically, a breach of contract action accrues at the time of breach; that is, each day that the breach continues does not generate a new cause of action and running of the statute of limitations.

2

*Kasu Corp. v. Blake, Hall & Sprague, Inc.*, 582 A.2d 978, 980 (Me. 1990); *Townsend v. Chute Chem. Co.*, 1995 Me. Super. LEXIS 532, * 8 (Feb. 21, 1995). The statute of limitations in a declaratory judgment action also begins to run at the time of breach. *See* 22A Am. Jur. 2d *Declaratory Judgments* § 185 (stating that declaratory judgment actions are barred to the same extent as the underlying action at law).

In a contract where only one time for performance exists, the accrual date for the cause of action is clear. However, in an installment contract, which calls for performance at several specific times, a failure to perform at any one of those times may be considered a breach. *See Mangan v. Me. Dist. Court*, 2003 Me. LEXIS 122, * 1 (July 31, 2003). Similarly, when a contract is single and non-severable but requires performance of several separate acts on future occasions, each failure to perform may be considered a new breach. *Hall v. Gordon*, 1992 Me. Super LEXIS 261, * 3-4 (Nov. 12, 1992). The court in *Hall* analogized the effect of creating a contract that required piecemeal performance to an installment contract. The court recognizes that typically a single and non-severable contract would be breached upon failure to perform but when performance is not expected to be performed all at one time, this analogy is appropriate.

The court takes as true, as it must at this procedural stage, the fact that the Defendant was obligated to and did pay the Plaintiff's compensation at separate, regular intervals and, thus, each payment constitutes a failure to perform. Therefore, the court finds that the damages sought in Counts I and II, regarding payroll/employment taxes that should have been paid prior to November 8, 2005 are barred by the six-year statute of limitations. However, those claims for damages and declarations regarding payments to the Plaintiff after November 8, 2005 are not time-barred.

3

*II.    26 M.R.S. § 629 – Unfair Agreements*

The Plaintiff has also asserted that the Compensation Agreement itself violates Maine law because the Agreement requires him to return part of his compensation for an impermissible purpose. This statute states, in relevant part:

> A person, firm or corporation may not require or permit any person… when having an agreement, oral, written or implied, that a part of such compensation should be returned to the person, firm or corporation for any reason other than for the payment of a loan, debt or advance made to the person, or for the payment of any merchandise purchased from the employer or for sick or accident benefits, or life or group insurance premiums, excluding compensation insurance, that an employee has agreed to pay, or for rent, light or water expense of a company-owned house or building.

26 M.R.S. § 629(1). Because it is the agreement that is the measure of the fairness of the condition of employment, this statute is violated and the cause of action accrues when the employer and employee enter into the unfair agreement. This statute does not contemplate any kind of continuing violation: although, an action to recover any compensation withheld under an unfair agreement would clearly include all monies withheld since the creation of the agreement. Thus, even taking all the facts alleged by the Plaintiff as true, the Plaintiff cannot recover for monies withheld under the Agreement because that Agreement was entered into and the cause of action accrued more than six years prior to the commencement of this action.

4

The entry is:

Defendant's Motion to Dismiss is GRANTED as to Count III and as to Counts I and II, only with respect to claims for money due on employment/payroll taxes withheld prior to November 8, 2005.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: June 4, 2012

Joyce A. Wheeler
Justice, Superior Court

5

K OF COURTS
berland County
y Street, Ground Floor
and, ME 04101


RICHARD MOON ESQ
PO BOX 586
PORTLAND ME 04112-0586


RK OF COURTS
mberland County
ury Street, Ground Floor
rtland, ME 04101


MARTIN RIDGE ESQ
BEAGLE & RIDGE
PO BOX 7044
PORTLAND ME 04112