STATE OF MAINE                                    SUPERIOR COURT
OXFORD, ss.                                       CIVIL ACTION
                                                  DOCKET NO. CV-22-37

TIMOTHY JOHNS, *et al.*,            )
                                    )
            Plaintiffs,             )
                                    )
                                    )
    v.                              )      **ORDER ON MOTION TO DISMISS**
                                    )
DAVID ASHMORE, *et al.*,            )
                                    )
            Defendants.             )

Plaintiffs Timothy Johns and Ildiko Mizak bring this suit to determine their rights to a private roadway. Defendants David and Karin Ashmore have filed two motions to dismiss. For the following reasons, the Motion to Dismiss Count VI of Plaintiffs' Complaint is granted and the Motion to Dismiss Plaintiffs' Request for Punitive Damages is denied.

## BACKGROUND

The court draws the following facts from the plaintiffs' Complaint and accepts them as true for the purpose of considering the motions to dismiss. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 8, 843 A.2d 43. The parties in this case own abutting land on Rover Road in Dixfield, Maine. (Compl. ¶¶ 9-24.) Although previously a public way, Rover Road is currently considered a private road. (Compl. ¶¶ 1, 3.) Disputes have arisen in recent years over the use of Rover Road, and some of the defendants have attempted to physically restrict access to the road. (Compl. ¶¶ 36, 44-58.) The plaintiffs bring this action to seek a determination as to their

1

rights and the rights of the other abutting landowners to use Rover Road. (Compl. ¶ 8.)

The plaintiffs' Complaint was docketed on September 26, 2022, in the Oxford County Superior Court. Counts I, II, and III seek declaratory judgment. Count IV alleges slander of title by the Ashmores. Count V seeks injunctive relief. Count VI seeks punitive damages. The Ashmores' motions to dismiss were docketed on November 14, 2022.

## STANDARD OF REVIEW

A motion to dismiss under M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Seacoast Hangar Condo. II Ass'n v. Martel*, 2001 ME 112, ¶ 16, 775 A.2d 1166. When the court reviews a motion to dismiss, "the complaint is examined 'in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" *Lalonde v. Cent. Me. Med. Ctr.*, 2017 ME 22, ¶ 11, 155 A.3d 426 (quoting *Moody*, 2004 ME 20, ¶ 7, 843 A.2d 43). Allegations in the complaint are deemed true for the purposes of deciding a motion to dismiss. *Moody*, 2004 ME 20, ¶ 8, 843 A.2d 43. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244.

## DISCUSSION

### Motion to Dismiss Count VI

The Ashmores argue that Count VI of the Complaint must be dismissed because a standalone request for punitive damages is not a cause of action. They are correct. *See S. Port Marine, LLC v. Gulf Oil Ltd. P'ship*, 234 F.3d 58, 64 (1st Cir. 2000) (punitive damages "do not constitute a separate cause of action"). Rather, punitive damages are a remedy that "must be based on underlying tortious conduct by the defendant." *Vicnire v. Ford Motor Credit Co.*, 401 A.2d 148, 155 (Me. 1979) (setting aside a jury's punitive damages award where the plaintiff had failed to establish liability for the underlying tort). Thus, Count VI must be dismissed.

However, that does not preclude the plaintiffs from pursuing punitive damages against the Ashmores on their substantive claims if they can make the proper showing at trial. *See Frank v. L.L. Bean, Inc.*, 352 F. Supp. 2d 8, 13-14 (D. Me. 2005). Nor are the plaintiffs precluded from relying on the factual allegations in their Complaint regarding punitive damages. *Id.*

### Motion to Dismiss Request for Punitive Damages

The Ashmores further argue that the plaintiffs have not alleged sufficient facts to entitle them to punitive damages. The court disagrees. "[T]o be entitled to punitive damages, a plaintiff must prove by clear and convincing evidence that a defendant acted with either actual malice (i.e., ill will) or legal malice (i.e., where the defendant's conduct 'is so outrageous' that malice can be implied)." *Corinth Pellets, LLC v. Andritz, Inc.*, No. 1:20-cv-00082-NT, 2020 U.S. Dist. LEXIS 169997,

3

at *12 (D. Me. Sep. 17, 2020) (citing to *Tuttle v. Raymond*, 494 A.2d 1353, 1361 (Me. 1985)).

Here, the plaintiffs have alleged that the Ashmores installed a locked cable over Rover Road in a location that was difficult to access and have threatened to install a second gate or lock to obstruct the plaintiffs' access to the road. The plaintiffs further allege that David Ashmore repeatedly confronted them over their use of the contested road, threatened them, shouted obscenities at them, and threw a set of keys at Timothy Johns' head. Johns has since obtained an Order for Protection from Harassment against David Ashmore.[1]

Taken as true, the plaintiffs' allegations could be construed to establish malice. *Anchors v. Manter*, No. CV-94-214, 1997 Me. Super. LEXIS 55, at *21 (Feb. 19, 1997) (holding that malice was established by the defendant's "threats, intimidation, brandishing of weapons, [and] placement of 'no trespassing' signs and immoveable objects at the entrance to the right-of-way"). Dismissal is therefore inappropriate at this early stage of the litigation.

---

[1] The Order for Protection from Harassment is a court document referenced in the Complaint and its authenticity has not been challenged (despite the misspelling of Johns' surname as "Jones"). As such, it may be considered by the court. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43 (concluding that "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss without converting the motion to one for a summary judgment when the authenticity of such documents is not challenged").

4

The court accordingly orders as follows:

1. Defendants' Motion to Dismiss Count VI is granted.

2. Defendants' Motion to Dismiss Plaintiffs' Request for Punitive Damages is denied. Plaintiffs' request for punitive damages is preserved insofar as it is applicable to the substantive counts in the Complaint, as are the factual allegations made in support of the request.

The clerk is directed to incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 2|24|23

_____
Julia M. Lipez
Justice, Superior Court

5