## WILLIAM BRADBURY *vs.* INHABITANTS OF FALMOUTH.

In an action against a town, to recover damages for an injury alleged to have been caused by a defect in a highway, if the question, whether the town had, or had not, notice of the defect, is not, in every case, one of fact to a jury, it belongs to the *jury*, and not to the *Court*, to determine, whether the town is chargeable with notice, when no actual notice to any inhabitant of the town, is proved, and is to be established only by implication and infer-ence from other facts.

EXCEPTIONS from the District Court for the Western District, WHITMAN J. presiding.

This was an action on the case, brought to recover damages for an injury done to the plaintiff's horse by defects in a road within that town. The plaintiff proved, that his horse sustained an injury, when passing over a public highway, *June* 24, 1837, within the town of *Falmouth*, leading from *Portland* into the country, and much travelled. To prove a defect in the highway, and constructive notice to the town, the plaintiff produced, as a witness, *J. Buxton*, who testified, that in passing the road on the evening of the 23d of the same *June*, he saw a hole between two rocks in the travelled part of the road, shaped somewhat like a jewsharp, sufficiently large to admit the foot and leg of a horse. The horse was injured by getting his foot into that hole the next day. The plaintiff also called *I. True*, who testified, that on the morning of the day on which the accident happened, in passing with a loaded team, one of his oxen stepped his foot into the hole, which was a foot deep and fifteen inches wide, and that if he had been travelling up instead of down, there would have been great danger of catching the foot of the ox or horse which might step in it. The hole was between two large flat rocks, which formed the cover of a culvert in the road. Neither the plaintiff, nor either of the witnesses, were inhabitants of *Falmouth*, and there was no positive evidence, that the hole existed prior to the day before the accident. The defendants proved, that the place where the accident happened, was near the line of the town, towards *Cumberland*, and that there was no dwellinghouse on that road, in *Falmouth*, within one half or three fourths of a mile, and no one lived on that road,

between that place and the line of the town of *Cumberland*. No notice of the defect in the road, to any inhabitant of *Falmouth*, before the accident, was actually proved.

Upon this evidence, the counsel for the plaintiff contended, that what was legal notice, was a question of law upon the facts proved; and that there was constructive notice to the town, from the facts proved.

The Judge ruled, that what was notice, was a question of fact, to be decided by the jury, whether they were satisfied, on the whole evidence, that the town had reasonable notice of the defect in the road. The jury returned a verdict for the defendants, finding that they " did not have notice, as the plaintiff in his writ has declared." The plaintiff filed exceptions.

*Fessenden & Deblois*, for the plaintiff, contended, that this was a question to be decided by the Court. It was to determine whether, upon the undisputed facts, the town had reasonable notice of the defect in the highway. Were it not so, no uniform rule could be established, and every jury would have its own opinion, and make its own law. *Tindall* v. *Brown*, 1 *T. R.* 167; *Bryden* v. *Bryden*, 11 *Johns. R.* 187; *Bayley on Bills*, 223; *Darbishire* v. *Parker*, 6 *East*, 3; *Hussey* v. *Freeman*, 10 *Mass. R.* 84; *Willes*, 204; *Co. Lit.* 56 *b*; *Atwood* v. *Clark*, 2 *Greenl.* 249; *Davis* v. *Thompson*, 1 *Shepl.* 209; *Currier* v. *Earle, ib.* 216; *Belfast Academy* v. *Salmond*, 2 *Fairf.* 109; *Springer* v. *Bowdoinham*, 7 *Greenl.* 442; *Ellis* v. *Paige*, 1 *Pick.* 43. Nor is there any ground for saying, that the jury decided the law rightly, and therefore there should not be a new trial. The notice was sufficient to render the town liable. *Lobdell* v. *New Bedford*, 1 *Mass. R.* 153.

*Preble*, argued for the defendants.

The opinion of the Court was drawn up by

WESTON C. J. — In certain cases, principally of a commercial character, what is, or is not, reasonable notice, has been held to be a question of law. This has been so established, from the convenience and necessity, in such cases, of a general rule. It may admit of serious doubt, whether notice to a town, of a defect in the highway, is not, in every case, a question of fact to a jury. But

here no actual notice, to any inhabitant of the town, was proved. It could be established only by implication, or inference, from other facts.   In such a case, whatever may be said of others, we are well satisfied, that it belongs to the jury to determine, whether the town is chargeable with notice.

*Exceptions overruled.*