## Luc YARGEAU

v.

## CITY OF PORTLAND.

Supreme Judicial Court of Maine.

Argued Sept. 6, 1989.

Decided Dec. 8, 1989.

We conclude that Yargeau's complaint sufficiently identified the vehicle and provided the City with fair notice of the claim. Accordingly, we vacate the Superior Court judgment.

This case arose when an officer of the Portland Police Department seized Yargeau's 1970 van and its contents on or about November 1, 1987. Yargeau filed a "complaint for forcible entry and detainer" of personal property in the District Court. The City answered, alleged title in itself and moved to dismiss for failure to state a claim upon which relief can be granted. The City claimed that Yargeau did not comply with 14 M.R.S.A. § 6012 (1980). The District Court denied the motion to dismiss, found the City's claim of title invalid and rendered judgment for Yargeau. The City appealed without supplying any record of the proceedings in the District Court. The Superior Court held that the complaint was defective and vacated the judgment. Yargeau filed this timely appeal.

■ On the record before us,[1] we can address only the City's contention that Yargeau failed to comply strictly with the statutory requirements for filing a forcible entry and detainer action by not including "a copy in his complaint of the security instrument or instruments, bill of sale or other evidence of title ..." 14 M.R.S.A. § 6012 (1980). The City's argument fails to appreciate the pleading requirements under the modern rules. *See Rubin v. Josephson,* 478 A.2d 665, 669 n. 4 (Me.1984). Unlike at common law, one no longer must plead precisely and fully every fact necessary to constitute the cause of action alleged. *Id.* The function of the complaint is to provide the defendant with fair notice of the claim. *E.N. Nason, Inc. v. Land–Ho Development Corporation,* 403 A.2d 1173, 1177 (Me.1979); 1 Field, McKusick & Wroth, *Maine Civil Practice,* § 12.11 at 249 (2d ed.1970). A failure to comply strictly with the statutory language did not preclude subject matter jurisdiction in this forcible detainer action. *See Hartford National*

Francis M. Jackson (orally), Portland, for plaintiff.

William J. Kayatta, Jr., Gisele M. Nadeau (orally) Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Luc Yargeau appeals from a judgment of the Superior Court, (Cumberland County, *Brodrick, J.*) ordering dismissal of his complaint for forcible detainer of personal property for failure to state a claim upon which relief may be granted. M.R.Civ.P. 12(b)(6). The court vacated an order of the District Court, (Portland, *MacNichol, J.*) requiring the City of Portland to return to Yargeau a 1970 Ford van and its contents.

---

1. We do not address the City's claim of mootness, raised for the first time on appeal, and intimate no opinion on that issue.

*Bank & Trust Co. v. Harvey,* 420 A.2d 230, 239 (Me.1980).

 Yargeau's complaint satisfied the requirements of M.R.Civ.P. 8(a) by (1) declaring possession of personal property, (2) describing the property with sufficient particularity that the City could identify it, and (3) alleging that the City took possession of the article and did not return it. Yargeau adequately alleged the necessary elements of a forcible entry and detainer action, and sufficiently apprised the defendant of the nature of the claim.

The entry is:

Judgment of the Superior Court vacated.

Remanded to the Superior Court for entry of judgment affirming the District Court order.

All concurring.