SECURITY PACIFIC NATIONAL
TRUST CO.

v.

Rosemary Anne REID.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 10, 1992.

Decided Oct. 20, 1992.

Paul E. Thelin, Ainsworth & Thelin, South Portland, for plaintiff.

Gary Libby, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

The defendant, Rosemary Anne Reid, appeals from a judgment of foreclosure and sale entered in the Superior Court (Cumberland County, *Alexander, J.*) in favor of the plaintiff, Security Pacific National Trust Co. Reid contends that the court erred in denying her motion to dismiss Security's complaint and in granting Security's motion for a summary judgment. Finding no merit in Reid's contentions, we affirm the judgment.

On October 9, 1987, Reid executed a promissory note to Security's assignor in the amount of $247,500 secured by a mortgage on real estate located at 197 Ocean House Road, Cape Elizabeth. The note obligated Reid to repay the loan over thirty years in monthly installments and established the property address as the place of notice to Reid for any notification required by the provisions of the note or mortgage. It is undisputed that Reid has made no payments on the loan since November 1, 1990. There is no evidence in the record that she tendered any payment to Security

after that date. On January 11, 1991, Security sent a notice of default addressed to Reid at her post office address which was the address used by Reid in her application for the loan and in some of the documents used at the time of the closing on her loan. Reid does not deny receipt of this notice nor does she dispute that the letter was not returned to Security.

On October 10, 1991, Security filed the complaint for foreclosure in this action. By her answer, Reid alleged the affirmative defense of lack of proper notice to her and sought a dismissal of Security's complaint pursuant to M.R.Civ.P. 12(b)(6). On January 8, 1992, the court (*Broderick, J.*) denied Reid's motion. On February 4, 1992, following a hearing on Security's motion for a summary judgment, the court entered a judgment of foreclosure and sale in favor of Security, and Reid appeals.

■ Reid first contends that the court erred in denying her motion to dismiss Security's complaint. She argues that Security's complaint was legally insufficient because Security was bound by the terms of the mortgage contract to provide 30 days notice to her at her property address prior to initiating its complaint for foreclosure and that Security failed in its complaint to plead the satisfaction of this condition precedent. Security's complaint was instituted pursuant to 14 M.R.S.A. § 6321 (Supp. 1991) which requires neither prior notice to the defendant nor the pleading of satisfaction of contractual conditions precedent.[1] Absent an express requirement to plead conditions precedent Security was not obligated to plead satisfaction of such conditions. *See* M.R.Civ.P. 9(c); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 9.4 at 222 (2d ed. 1970). The function of a complaint is to provide fair notice to a defendant of the plaintiff's claim. *Yargeau v. City of Portland*, 566 A.2d 1088, 1089 (Me.1989). Here, because Security's complaint complied with the requirements of 14 M.R.S.A. § 6321 and provided Reid with fair notice of Security's claim, the trial court properly denied Reid's motion to dismiss the complaint. *See Rubin v. Josephson*, 478 A.2d 665, 669 n. 4 (Me.1984).

■ Nor do we find merit in Reid's contention that Security's claimed noncompliance with the notice provisions in the note and mortgage generated a genuine issue of material fact precluding the court's grant of Security's motion for a summary judgment. When reviewing a grant of summary judgment, we examine the record to determine independently whether it supports the conclusion that there is no genuine issue as to any material fact and that the successful party is entitled to a judgment as a matter of law. *Carter v. Bangor Hydro–Elec. Co.*, 598 A.2d 739, 741 (Me.1991). The issue of what constitutes sufficient notice is a question of law. *Bradbury v. Inhabitants of Falmouth*, 18 Me. 64, 65 (1841). Determinations of adequate notice are guided by principles of fundamental fairness based on the constitutional, statutory, or, as here, contractual mandate. *See Cummings v. Town of Oakland*, 430 A.2d 825, 831–32 (Me. 1981).

The purpose of the notice provision in the note and mortgage was to provide notification of default to Reid to allow her an opportunity to cure the default before a judgment of foreclosure and sale was issued. That purpose was served not only by the notice mailed to Reid's post office box, but also by personally serving her at her property address with a copy of the complaint and summons in this action. Reid does not deny that she failed to make the required payments or that she received the letter that Security mailed to her post office box on January 11, 1991. Reid makes no claim that she has been deprived of any applicable defenses by reason of the notice of default being mailed to her post

---

1. 14 M.R.S.A. § 6321 provides:

    After breach of condition in a mortgage ... the mortgagee ... may proceed for the purpose of foreclosure by a civil action....

    ....

The complaint shall allege with specificity the plaintiff's claim by mortgage on such real estate, describe the mortgaged premises intelligibly, state the amount due on the mortgage, state the condition broken and by reason of such breach demand a foreclosure and sale.

office box address. Accordingly, on this record we find no error in the court's determination that there was no issue as to any material fact and that Security was entitled to a judgment as a matter of law.

The entry is:

Judgment affirmed.

All concurring.