### In re Nancy Post MAGRO.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 26, 1995.

Decided March 1, 1995.

James H. Young, II, Bernstein, Shur, Sawyer & Nelson, Portland, Anita Volpe, Rockland, for appellant.

Ann M. Courtney, Murray, Plumb & Murray, Portland, James Elliott, Camden, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Victoria Pfeil, daughter of Nancy Post Magro, appeals from an order of the Probate Court (Knox County, *Emery, J.*) dismissing her petition for the appointment of a conservator for her mother. She contends that the court erroneously treated Magro's motion to dismiss as a motion for a summary judgment.

In 1973, while living in Cincinnati Ohio, Nancy Post Magro established a revocable

inter vivos trust naming J. Tracy Coop, of Cincinnati, as trustee. After Magro moved to Maine, the Probate Court (Knox County, *Emery, J.*) appointed her son Benjamin Magro as her limited guardian to make "provisions for [her] care, comfort, and maintenance." In 1992, Magro amended the provisions of her trust agreement to name Rendle Jones, Esq. of Camden, as trustee. The assets of the trust include Markin Farm, the family home worth over one million dollars, and investments and securities worth over two million dollars. Pfeil, unhappy with certain decisions made by the trustee, and seeking to have herself appointed conservator for her mother, filed a petition with the court.

At a pretrial conference, Magro moved to dismiss the petition for failure to allege the statutory requirements.[1] After considering briefs submitted by the parties, and an affidavit submitted by Pfeil, the court dismissed the petition. Pfeil appeals.

Pfeil asserts that the court erred by improperly treating Magro's motion for dismissal as one for a summary judgment. The record demonstrates, however, that in addition to the pleadings, the court had before it Pfeil's affidavit and the record of the hearing to appoint Benjamin Magro as his mother's limited guardian. Although the court termed the disposition a dismissal, the label is not controlling. When the sufficiency of a complaint is challenged and the court considers appropriate materials outside the pleadings, the motion is treated as one for a summary judgment. M.R.Civ.P. 12(b); *see also Vahlsing Christina Corp. v. Stanley*, 487 A.2d 264, 266 (Me.1985). Such materials include affidavits, depositions and other sworn statements. Pfeil submitted an affidavit, the court properly considered it, and that converted the motion for dismissal into a motion for summary judgment.

When a party appeals from an order granting summary judgment we independently determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to a judgment as a matter of law. *Security Pacific Nat'l. Trust Co. v. Reid,* 615 A.2d 241, 243 (Me.1992). In this case, the record demonstrates that substantially all of Magro's assets have been in trust since 1973. The court did not err in concluding Magro's property is not subject to waste or dissipation because of the absence of proper management.

The entry is:

Judgment affirmed.

All concurring.

---

1. The statute provides in pertinent part:

   "Upon petition and after notice and hearing in accordance with the provisions of this Part, the court may appoint a conservator or make other protective order for cause as follows: ...

   (2) Appointment of a conservator or other protective order may be made in relation to the estate and affairs of a person if the court determines that (i) the person is unable to manage his property and affairs effectively for reasons such as mental illness, mental deficiency, physical illness or disability, chronic use of drugs, chronic intoxication, confinement, detention by a foreign power, or disappearance; and (ii) the person has property which will be wasted or dissipated unless proper management is provided, or that funds are needed for the support, care and welfare of the person or those entitled to be supported by him and that protection is necessary or desirable to obtain or provide funds."

   18-A M.R.S.A. § 5-401 (1981).