STATE OF MAINE                          BUSINESS AND CONSUMER COURT

Cumberland, ss.                              Docket No. BCD-CV-12-09
                                          AMH- CuM- 3/7/2012

TODD PETTERSEN

                    Plaintiff

        v.

COUNTRYWIDE FINANCIAL CORPORATION
as acquired by
BANK OF AMERICA CORPORATION

                    Defendant

### ORDER ON DEFENDANT'S MOTION TO DISMISS

The motion to dismiss filed by Defendant Countrywide Financial Corporation as acquired by Bank Of America Corporation is before the court, together with Plaintiff Todd Petterson's opposition and Defendant's reply.

*Background*

The Plaintiff's complaint asserts that Countrywide provided him with a residential mortgage loan in 2005 at a higher interest rate than the rate quoted to him that induced him to enter into the transaction. The complaint also asserts that Countrywide misled the Plaintiff about the amount of his monthly payments—specifically that the payments included amounts to fund an escrow account for taxes and insurance when in fact there was no escrow account and the monthly payments covered only principal and interest on the loan. Plaintiff says he was never told that the "exorbitant" fees and charges on his loan amounted to 3.5% of the principal amount of the loan. Finally, the Plaintiff says that Countrywide represented that he would be able to refinance and lower his monthly payment in six months, but never offered him such an opportunity.

1

As a result of the alleged misstatements and misrepresentations of Countrywide, Plaintiff claims to have been unable to refinance and to be at risk of losing his home.

Plaintiff's complaint asserts that Defendant Bank of America, as successor in interest to Countrywide, is liable on several distinct grounds:

- Count I of the complaint alleges that Countrywide's acts and omissions constitute violations of the Maine Unfair Trade Practices Act (UTPA), 5 M.R.S. §§ 206-214

- Count II, III and IV allege violations of the Maine Consumer Credit Code, 9-A M.R.S. §§ 9-401, 9-402, 10-101 *et seq.*

- Count V alleges intentional misrepresentation, i.e. fraud, under the common law and for purposes of the Maine Consumer Credit Code

- Count VI alleges intentional and/or negligent infliction of emotional distress

Defendant Bank of America, denies any liability and has moved to dismiss all of Plaintiff's claims.[1]

*Standard of Review*

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. "Dismissal of a civil action is proper when the complaint fails 'to state a claim upon which relief can be granted.'" *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676, 679 (citing M.R. Civ. P. 12(b)(6)). In determining whether a motion to dismiss should be granted, the court considers "the allegations in the complaint in relation to any cause of action that may reasonably be inferred from the complaint." *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832.

---

[1] In addition to the arguments summarized in this order, the Defendant argues that the Plaintiff is not entitled to the remedy of rescission even if he were to prevail on any of his claims, based on the passage of six years since the loan transaction. Defendant may well be correct, but rescission is a remedy and not a cause of action, and this Order does not address the nature or extent of Plaintiff's potential recovery; it addresses only the viability of his claims as a matter of law.

2

The facts alleged are treated as admitted for purposes of the motion, and they are viewed "in the light most favorable to the plaintiff." *Id.* The court should dismiss a claim only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he [or she] might prove in support of his [or her] claim." *Id.* (quoting *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246).

### *The Merits of Defendant's Motion*

Assessed under the very liberal standard applicable to motions to dismiss for failure to state a claim under Rule 12(b)(6), most of the Plaintiff's claims are sufficient to withstand the Defendant's motion. Many of the arguments on which the Defendant relies would be better presented in a motion for summary judgment—some indication of that appears in the number and variety of the references to outside materials—a state government website, loan documents, the terms of a Consent Judgment—contained in the Defendant's memorandum.

Normally, when materials outside the pleadings are incorporated or referred to in a Rule 12(b)(6) motion, the court must decide whether to consider or exclude the additional materials, and if they are considered, the motion to dismiss is converted into a motion for summary judgment. *See Beaucage v. City of Rockland*, 2000 ME 184, ¶ 5, 760 A.2d 1054, 1056; *In re Magro*, 655 A.2d 341, 342 (Me. 1995). *See also* M.R. Civ. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . .").

However, the Law Court has recognized an exception to this general rule covering three types of material outside the pleadings: "[O]fficial public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint [can be considered] without converting a motion to dismiss into a motion for a summary judgment when the

3

authenticity of such documents is not challenged." *See Moody v. State Liquor and Lottery Commission,* 2004 ME 20, ¶ 10, 843 A.2d 43, 48.

In the present case, the range of materials presented by Defendant is such that the court elects to exercise its discretion not to consider them, and therefore limits its focus to the relatively narrow question of whether, as a matter of law and viewed in a light most favorable to the Plaintiff, each of the counts of the complaint states a claim upon which relief can be granted.

*Count I:* Maine's UTPA declares that "[u]nfair methods and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful, 5 M.R.S. § 207, and provides a cause of action for "[a]ny person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal" as a result of unfair methods, acts, or practices, 5 M.R.S. § 213(1) (emphasis added).

The Maine Law Court has referred to the UTPA as a consumer protection statute. *See State v. Weinschenk,* 2005 ME 28, ¶ 11, 868 A.2d 200, 205 ("Maine's UTPA provides protection for consumers against unfair and deceptive trade practices." (emphasis added) (citation omitted).

Because this was a residential loan transaction made to the homeowner, Plaintiff has standing under the UTPA. The court cannot say, as a matter of law based on the present record, that a reasonable factfinder could not conclude that the acts and omissions alleged in the complaint were deceptive or unfair for purposes of the UTPA. Defendant's emphasis on the terms of the loan documents as overriding any contrary understanding on the Plaintiff's part would be better presented in the context of a summary judgment motion. The motion to dismiss is denied as to Count I.

4

*Counts II, III and IV:* Defendant makes much the same arguments in response to the Maine Consumer Credit Code counts of the complaint: the loan documents control; there were no misrepresentations, with the added point that article 10 of the Code does not apply, pointing to a website as authority. The conclusion must be the same: the four corners of the complaint allege viable claims in Counts II, III and IV. It may be that material outside the pleadings will conclusively resolve factual questions in the summary judgment context, but the court has elected not to consider materials outside the pleadings. Defendant's motion is denied as to Counts II, III and IV.

*Count V:* Defendant responds to Plaintiff's fraud claim in much the same terms as to previous counts, with the added argument that the claim is not pleaded with particularity as required by M.R. Civ. P. 9(b). The court agrees that the complaint is somewhat vague in several respects. For example, paragraph 17 of the complaint is unclear about whether the alleged statement of "Countrywide" about Plaintiff's ability to refinance in six months was made by the broker at closing or by someone else. A second area of uncertainty is which of the various statements of Countrywide Plaintiff is claiming are fraudulent. As pleaded, Count V incorporates prior allegations by reference, making it less than clear what exactly Countrywide is supposed to have said or done that is alleged to constitute fraud.

The court accordingly will grant the motion to dismiss as to Count V, but will allow Plaintiff leave to file an amended complaint in which Count V specifies, with as much detail as Plaintiff can bring to bear, all of the representations that Plaintiffs claims were fraudulent (rather than simply incorporating prior paragraphs as the current version of Count V does).

*Count VI:* Maine cases make it clear that recovery for misrepresentation is limited to pecuniary loss and that damages for "emotional or mental pain and suffering are not recoverable." *Jourdain v. Dineen,* 527 A.2d 1304, 1307 (Me. 1987; *accord, Chapman v. Rideout,*

5

568 A.2d 829, 830 (Me. 1990). *See Veilleux v. National Broadcasting Co.,* 206 F.3d 92, 130 (1st Cir. 2000) (applying Maine law). Plaintiff's claims all are founded on alleged misstatements or misrepresentations, so as a matter of law he cannot recover for emotional distress, whether intentionally or negligently inflicted. Defendant's motion is therefore granted as to Count VI.

*Conclusion*

For the reasons stated, the Defendant's Motion to Dismiss is hereby granted with respect to Counts V and VI. Plaintiff may within 20 days of this order file an amended complaint, limited to an amendment of Count V consistent with this Order.[2]

Pursuant to M.R. Civ. P. 79, the clerk is hereby directed to incorporate this order by reference in the docket.

Dated March 7, 2012

A. M. Horton
Justice, Business and Consumer Court

Entered on the Docket: 3.8.12
Copies sent via Mail ___ Electronically ✓

---

[2] Any further amendment of the complaint must be on motion.

6

STATE OF MAINE                                  BUSINESS AND CONSUMER DOCKET
CUMBERLAND, ss.                                 Location: Portland


TODD PETTERSEN
        Plaintiff


        v.                                      DOCKET NO. BCD-CV-2012-09

COUNTRYWIDE FINANCIAL CORPORATION
as acquired by
BANK OF AMERICA CORPORATION
        Defendant


## COUNSEL OF RECORD


**Party Name:**                                 **Attorney Name:**

Todd Pettersen                                  Andre Bopp Stark, Esq.


Countrywide Financial Corp                      Corin Swift, Esq.

                                                Jeff Goldman, Esq.