ENTERED JAN 1 4 2015

STATE OF MAINE

Cumberland, ss.

BUSINESS AND CONSUMER COURT

AMH-Cum 11-13-14

DL PROPERTIES, LLC

Plaintiff

v.

Docket No. BCD-CV-14-45 ✓

DR. RICHARD S. STOCKWELL
d/b/a Atlantic Laser Clinic

Defendant

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Defendant's Motion to Dismiss came before the court for oral argument October 27, 2014, with attorneys Mooney and Bryant presenting argument for Plaintiff and Defendant respectively.

*Factual Background*

The following facts are drawn from the Amended Complaint docketed August 29, 2014, and from other material that both parties have put into the record in connection with the Motion to Dismiss:

At all times relevant to this case, Plaintiff DL Properties, LLC ["DL"] owned Unit 209, Cottage Place Condominiums, a commercial condominium unit in the Town of York.[1] When DL purchased Unit 209 in 2006, it was leased to a David Bouthot, doing business as Atlantic Laser Clinic (ALC). In 2007, Bouthot sold the assets of ALC to a Peter de Puy. The transaction was an asset purchase, but specifically excluded the laser used by ALC. De Puy continued operating ALC's business in Unit 209.

---

[1]  The court is advised that DL has since sold the Unit 209 condominium unit but retains possession of the laser that was left on the premises, as described below,

1

In 2009, DL as lessor and de Puy as lessee entered into a written lease of the Unit 209 premises. Dated August 26, 2009, the document is titled Commercial Lease, and on its face it is between de Puy individually and DL. The Lease includes the following provisions:

- Section 2 provides for a two-year lease term commencing September 1, 2009.

- Section 3 provides for base rent of $1,250/month

- Section 27 provides that if de Puy remains in possession after expiration of the two-year term, the tenancy becomes month-to-month, terminable on 30 days' written notice by either party, at the same monthly base rent

- Section 8 provides for de Puy to use the premises "solely for the purpose of conducting a Laser Clinic."

- Section 9 addresses "alterations, decorations, sign, awnings, canopies, fixtures, additions and improvements," and provides that unless all such are removed at the expiration or termination of the Lease, they become property of DL.

- Section 10(b) includes a provision requiring the lessee to remove "trade fixtures" on expiration or termination.

- Section 10(d) includes the following integration provision: "This Lease constitutes the entire agreement between Lessor and Lessee with respect to the subject matter contained herein and there are no understandings or agreements between Lessor and Lessee with respect to said subject matter which are not contained herein."

De Puy continued to operate ALC until January 2014, when, according to the Amended Complaint, he and ALC abandoned the premises. However, left on the premises was a laser unit, inferentially one used in the operations of ALC. DL took possession of the

laser and is now keeping it in storage pending the outcome of this case. DL claims to be owed more than $30,000 in amounts due under the Lease.

Defendant Richard Stockwell is a physician licensed and practicing in Maine, and he claims to own the laser that ALC left at the Unit 209 premises. According to an invoice entered in the record, Stockwell purchased the laser for $31,000 from Laser Concepts, Inc. around the time de Puy acquired ALC. According to Stockwell and de Puy, the laser was leased by Stockwell to de Puy and/or ALC under an oral agreement for a monthly payment.

Material outside the pleadings submitted by DL in response to the material outside the pleadings submitted by Stockwell indicates that ALC was operated "under the direction" of Stockwell. Based on this and also its contention that Stockwell supervised, or at least was legally required to supervise, all laser treatment performed at ALC, DL claims that Stockwell had much more involvement in ALC than as an equipment lessor, and that Stockwell is liable to DL for amounts due under the lease, on theories of partnership, joint venture and agency. De Puy and Stockwell deny that Stockwell was a partner or owner of ALC. Stockwell also asserts that, even if he and de Puy were partners in ALC, the fact that the Lease is between DL and de Puy only, with no mention of Stockwell or ALC, means that Stockwell cannot be liable to DL for amounts claimed under the Lease.

*Analysis*

Defendant Stockwell's Motion To Dismiss is brought under Rule 12(b)(6) of the Maine Rules of Civil Procedure, and is directed to Plaintiff DL's Amended Complaint.

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, the material allegations of the complaint must be taken as

3

admitted." *Shaw v. S. Aroostook Comm. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996) (quotation marks omitted). When reviewing a motion to dismiss, this court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* A dismissal under M.R. Civ. P. 12(b)(6) will be granted only "when it appears beyond a doubt that the plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Id.* (quotation marks omitted). *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .") (alteration in original) (citations omitted).

In this case, however, Defendant Stockwell's motion relies on material outside the pleadings, including but not limited to, the Lease. When materials outside the pleadings are incorporated or referred to in a Rule 12(b)(6) motion, the court must decide whether to consider or exclude the additional materials, and if they are considered, the motion to dismiss is ordinarily converted into a motion for summary judgment. *See Beaucage v. City of Rockland*, 2000 ME 184, ¶ 5, 760 A.2d 1054, 1056; *In re Magro*, 655 A.2d 341, 342 (Me. 1995). *See also* M.R. Civ. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . .").

However, the Law Court has recognized an exception to this general rule, covering three types of material outside the pleadings: "[O]fficial public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint [can be considered]

4

without converting a motion to dismiss into a motion for a summary judgment when the authenticity of such documents is not challenged." *See Moody v. State Liquor and Lottery Commission*, 2004 ME 20, ¶ 10, 843 A.2d 43, 48. The focus of these exceptions is on documents relevant to the plaintiff's position ("central to the plaintiff's claim", "referred to in the complaint"), consistent with the principle that a Rule 12(b)(6) motion requires the complaint to which it is directed to be viewed in a light most favorable to the plaintiff.

Both parties have submitted material outside the pleadings well beyond the limits on such materials defined by the *Moody* exception.

Essentially, Stockwell's position is that he cannot be deemed liable to DL for amounts due under the Lease because the Lease was entered into by de Puy alone, and contains no reference to Stockwell, and because the Lease contains an integration clause that disclaims any understandings not within the four corners of the Lease. Stockwell has also tendered an affidavit from de Puy that denies that he and Stockwell were partners in ALC.

DL's response is that Stockwell is potentially liable under theories of *de facto* partnership and agency, and that DL should be permitted to develop its theories through discovery. Specifically, DL notes that the Lease specifically contemplates that the premises would be used to operate a laser clinic. DL's material includes an affidavit from its principal, David Ferland, to the effect that DL relied on ALC, and also includes copies of advertising in which ALC is described as operating "[u]nder the direction of Dr. Richard Stockwell, DO . . ." Based on a Board of Licensure in Medicine consent agreement with a physician, DL contends that Maine law requires laser treatment to be administered under the supervision of a physician, thereby mandating Stockwell's active involvement in the operation of ALC.

DL cites the Law Court case of *QAD Investors, Inc. v. Kelly*, in arguing that the law of partnership and the law of agency could, under a plausible set of facts to be developed, impose

5

liability on Stockwell. 2001 ME 116, 776 A.2d 1244. However, *QAD Investors* is distinguishable in that the promissory note included the name and a blank signature line for the partner whom the plaintiffs sought to hold liable, whereas the Lease here does not mention Stockwell. On the other hand, ALC was already operating on the premises when the Lease was executed in 2009, and the Lease makes reference to the premises being used for a laser clinic, so the *QAD Investors* ruling is not entirely irrelevant to this analysis.

To DL's allegations, Stockwell responds by arguing that, even if he and de Puy were partners in ALC, the Lease itself is plainly an obligation of de Puy individually, so any involvement by Stockwell in ALC, as a partner or otherwise, does not make him personally liable on the Lease. This assertion is not necessarily correct. If the leasehold interest that DePuy acquired was partnership property, which it could have been if paid for with partnership assets, *see* 31 M.R.S. § 1024(3) (presumed partnership property), then it might not be not too long a logical leap to deem the obligation to pay rent a partnership obligation for which all partners are jointly and severally liable.

Dr. Stockwell's relationship with ALC appears clearly to be more than that of an equipment lessor. If he was as integrally and actively involved in the operations of ALC as the advertising in the record seems to suggest, and if the leasehold interest nominally acquired by de Puy was partnership property, then there could be a basis for DL to recover. Moreover, whether DL or Stockwell has the superior right to possession of the laser that DL has retained is clearly going to be an issue in this case regardless of whether Stockwell is liable for amounts due under the Lease.

For these reasons, and because there is more extrinsic material before the court than the Rule 12(b)(6) analysis contemplates, even under the *Moody* exception, the court in its discretion declines to apply the *Moody* exception, and excludes all material extrinsic to the pleadings.

6

Based on that step, the court concludes that the Amended Complaint states valid claims for relief, and denies the Motion to Dismiss. The case shall proceed as outlined in the October 17, 2014 Case Management Order.

IT IS HEREBY ORDERED: Defendant's Motion to Dismiss is denied.

Pursuant to M.R. Civ. P. 79(a), the clerk is directed to incorporate this Order by reference in the docket.

Dated November 13, 2014

A. M. Horton
Justice

Entered on the Docket: 11/13/14
Copies sent via Mail __ Electronically ✓

7

**DL Properties, LLC v. Dr. Richard S. Stockwell d/b/a Atlantic Laser Clinic**
**BCD-CV-14-45**

**DL Properties, LLC**
    **Plaintiff**

      Counsel:               James Bartlett, Esq.
                               David Mooney, Esq.
                               28 Long Sands Rd. Suite 3
                               PO Box 836
                               York, ME 03909

**Dr. Richard S. Stockwell d/b/a Atlantic Laser Clinic**
    **Defendant**

      Counsel:               Timothy Bryant, Esq.
                               John Cronan, Esq.
                               One City Center
                               Po Box 9546
                               Portland, ME 04112-9546